**BROOKSHIRE FOOD STORES,
L.L.C., Appellant,**

v.

**Katherine ALLEN, Appellee.**

No. 06–01–00153–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 15, 2002.

Decided Dec. 12, 2002.

Troy A. Hornsby, Paul Miller, Miller, James, Miller & Hornsby, LLP, Texarkana, for appellant.

D. Neil Smith, Bradley E. Beckworth, Nix, Patterson & Roach, LLP, Daingerfield, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Brookshire Food Stores, L.L.C., appeals a judgment rendered in favor of Katherine Allen in her premises liability cause of action. The case was tried before a jury, which found in favor of Allen and assessed damages of $10,000.00. The trial court rendered judgment accordingly, awarding damages of $14,242.19, which included amounts for prejudgment interest and

court costs. On appeal, Brookshire contends there is no evidence, or in the alternative, insufficient evidence to support the jury's finding.

Allen sued Brookshire for injuries she sustained when she slipped on a grape and fell at a Brookshire grocery store. She testified she went to Brookshire to purchase a birthday cake. She was walking toward the bakery, through the produce section, when she fell. Two customers helped her to her feet, and someone asked her, "What did you fall on?" She responded she did not know. However, she testified she heard a Brookshire cashier say, "I seen [sic] a child eating grapes."

Brandi Jones, who accompanied Allen to Brookshire, testified she was in the frozen food section when her young daughter, Tara, informed her Allen had fallen. She approached Allen, who was leaning against a pole, and asked her what happened. Allen told her she had fallen. Jones testified she heard the cashier say she had seen a child eating grapes. She also testified she saw several "smushed" grapes on the floor. She said, however, she had not seen the grapes five minutes before when she walked through that section.

Dennis Ulman, an assistant manager at Brookshire, testified a store employee reported finding two "smashed" green grapes after Allen's fall. He testified he investigated Allen's fall, but could not find any employee who knew how the grapes got on the floor or who saw someone eating grapes in the store.

Ulman testified that it would be possible for cashiers to see the area in which Allen fell, but that it would be difficult because they face away from that area as they serve their customers and because there was a "chip rack" in the area that partially blocked their view. Ulman also testified that the employees who are stationed in the office are able to see through a window the area in which Allen fell if they are over six feet tall. He testified the employee on duty in the office when Allen fell could not have seen the floor because of her height. Ulman testified these employees would have had to step away from their assigned work areas to get an unobstructed view of the area in which Allen fell.

Ulman testified Brookshire sells grapes in plastic produce bags that have small perforations in the bottom. Customers often open produce bags and eat the produce while shopping. Ulman testified a grape could fall on the floor when a customer opened the bag. For this reason, employees are instructed to tell customers not to eat produce in the store. He also testified a grape could get on the floor if the perforated bag became torn by rubbing against another item in a shopping cart and if the grape then fell through openings in the cart.

Ulman testified that grapes are found on the floor in Brookshire at least weekly and that grapes on the floor constitute an unsafe condition. He testified Brookshire has a detailed policy to ensure the safety of its customers from such hazards. Floors are to be kept clean, dry, and unobstructed. When a hazard is present, employees are required to block off the area, warn customers, remove the hazard, and clean the area.

All employees are responsible for safety. Brookshire employs a "day stocker," part of whose responsibilities it is to keep the floors clean during the day. Management is required to conduct a safety sweep of the store every two hours. Management also discusses safety at monthly employee meetings.

Jerry Johnson, director of the store, testified he made a "store walk" about fifteen minutes before Allen fell, before he went to lunch. He testified he was not aware of

any indication of a hazard in the fifteen minutes before Allen fell. He testified he visited Allen in the hospital and told her, "Only way I can figure out grapes got on the floor is maybe some child was eating grapes or a customer, and maybe they dropped one or two." However, he testified he did not receive any report that a customer was eating grapes before Allen fell.

In determining whether there is no evidence of probative force to support a jury's finding, we must consider all of the evidence in the record in the light most favorable to the party in whose favor the verdict has been rendered and we must indulge every reasonable inference that can be deduced from the evidence in that party's favor. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). We will sustain a no-evidence issue when (a) there is a complete absence of evidence of a vital fact; (b) we are barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.* More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

When considering a factual sufficiency challenge to a jury's verdict, we must consider and weigh all of the evidence, not just that evidence supporting the verdict. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex.1998). We may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Id.* at 407. We are not a factfinder. *Id.* Accordingly, we may not pass on the witnesses' credibility or substitute our judgment for the jury's, even if the evidence would clearly support a different result. *Id.*

An invitee enters onto another's land with the owner's knowledge and for the mutual benefit of both parties. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975); *Burkett v. Welborn*, 42 S.W.3d 282, 289 (Tex.App.-Texarkana 2001, no pet.). A landowner owes an invitee a duty to exercise reasonable care to protect the invitee from those risks of which the owner is actually aware and those risks of which the owner should be aware after reasonable inspection. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex.2000); *Knorpp v. Hale*, 981 S.W.2d 469, 471 (Tex.App.-Texarkana 1998, no pet.). To recover as an invitee, a plaintiff must plead and prove (1) that the landowner had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the landowner failed to exercise reasonable care to reduce or eliminate the risk; and (4) that the landowner's failure to use such care proximately caused the plaintiff's injuries. *CMH Homes, Inc.*, 15 S.W.3d at 99; *Knorpp*, 981 S.W.2d at 471–72.

A plaintiff can establish a defendant's liability for knowledge of a potentially harmful condition in one of three ways: (1) prove the defendant caused the harmful condition; (2) prove the defendant knew of the harmful condition and negligently failed to remove it; or (3) prove the harmful condition was present for so long that it should have been discovered or removed in the exercise of reasonable care. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992) (quoting *Robledo v. Kroger Co.*, 597 S.W.2d 560, 560 (Tex.Civ.App.-Eastland 1980, writ ref'd n.r.e.)); *Wright v. Wal–Mart Stores, Inc.*, 73 S.W.3d 552, 554

(Tex.App.-Houston [1st Dist.] 2002, no pet.). Allen does not contend Brookshire caused the harmful condition; rather, she contends the evidence shows (1) that Brookshire had constructive knowledge of the presence of the grapes on the floor based on the proximity of the grapes to Brookshire employees, and/or (2) that Brookshire had actual knowledge a child was eating grapes in the store.

In *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936–37 (Tex.1998), the Texas Supreme Court held testimony that a macaroni salad was covered by "a lot of dirt," had footprints and shopping cart tracks in it, and "seemed like it had been there a while" was legally insufficient evidence the salad had been on the floor long enough to allow the inference the store had constructive notice of its presence. Nevertheless, some courts have held constructive knowledge may be imputed when there is proof the dangerous condition was in sufficient proximity to the defendant's employees that it should have been removed. *Wal–Mart Stores, Inc. v. Garcia,* 30 S.W.3d 19, 23 (Tex.App.-San Antonio 2000, no pet.); *Duncan v. Black–Eyed Pea, U.S.A., Inc.,* 994 S.W.2d 447, 449–50 (Tex.App.-Beaumont 1999, pet. denied); *Furr's Super Market v. Garrett,* 615 S.W.2d 280, 281–82 (Tex.Civ.App.-El Paso 1981, writ ref'd n.r.e.); *Albertson's, Inc. v. Mungia,* 602 S.W.2d 359, 362–63 (Tex.Civ. App.-Corpus Christi 1980, no writ); *Kimbell, Inc. v. Hernandez,* 572 S.W.2d 784, 786 (Tex.Civ.App.-El Paso 1978, no writ). Those cases are arguably distinguishable from the present case either because the procedural posture was different (e.g., summary judgment instead of a post-trial evidence sufficiency review) or because Brookshire employees did not have the kind of unobstructed view of the area in which the accident occurred that the defendants' employees had in the latter cases.

■ In any event, the Texas Supreme Court recently held that evidence the premises owner's employee was in close proximity to the dangerous condition immediately before the plaintiff fell, without more, is legally insufficient to charge the premises owner with constructive notice. *Wal–Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 813 (Tex.2002). There must also be some evidence showing the dangerous condition existed long enough that the premises owner had a reasonable opportunity to discover it. *Id.* The court disapproved of the cases cited above to the extent they suggest proximity alone is enough to establish constructive notice. *Id.* at 816 n. 1.

In the present case, the available evidence suggests the grapes were not on the floor longer than fifteen minutes. Johnson testified he conducted a "store walk" through the area fifteen minutes before Allen fell and did not see any indication of a dangerous condition.

Allen contends the evidence supports the theory that Johnson failed to see the grapes because he failed to conduct a thorough inspection as he walked through the area on his way to lunch. This contention mischaracterizes the testimony and misapplies the burden. Johnson testified he walked through the area before he went to lunch, rather than on his way to lunch as Allen portrays. Further, Allen had the burden of showing the grapes were on the floor for a sufficient amount of time to give Brookshire the opportunity to discover them. There was no evidence anyone saw the grapes on the floor before Allen fell. Therefore, the evidence was legally insufficient to show Brookshire had constructive knowledge of the dangerous condition.

Allen also contends Brookshire had actual knowledge a child was eating grapes in the store. Allen and Jones both testified

they heard a cashier say she saw a child eating grapes in the store.

 Brookshire contends this testimony constitutes evidence of a negligent activity rather than a premises defect. Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch,* 845 S.W.2d at 264.

In *Keetch,* the evidence showed the plaintiff was injured when she slipped on a floor made slippery by the defendant's spraying of a substance used to coat plants. *Id.* at 263. The Texas Supreme Court held the trial court did not err in refusing the plaintiff's negligent activity instruction because the slippery floor was a condition created by the activity of spraying the coating on the plants. *Id.* at 264.

Brookshire contends that, even if Allen slipped on grapes dropped by a child who was eating grapes in the store, the grape on which Allen slipped was a condition created by the child's activity. But the present case was submitted to the jury on a premises defect theory and not a negligent activity theory. Therefore, according to Brookshire, evidence that a Brookshire employee saw a child eating grapes in the store could not provide evidence of a premises defect.

Allen first contends Brookshire did not object to the charge at trial. However, the charge was not defective. Rather, we must decide whether the evidence supports the premises defect theory submitted to the jury.

 Allen also contends a premises owner need not know a particular grape was on the floor at a particular time if the jury could infer, from other evidence, that the premises owner knew the grape would be on the floor due to the nature of the display. Allen cites *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex. 1983), in which the Texas Supreme Court held the defendant's knowledge of the high risk of harm associated with a self-serve display of grapes was sufficient to satisfy the knowledge requirement. Allen points to testimony from Ulman that Brookshire considers a child eating grapes in the store a dangerous condition and has designed safety procedures specifically to eliminate this risk.

Brookshire responds that a customer eating grapes is not a dangerous condition as a matter of law, citing *H.E. Butt Grocery Co. v. Resendez,* 988 S.W.2d 218 (Tex. 1999). However, *Resendez* held only that, as a matter of law, a grape display allowing for customer sampling was not, without more, evidence of a dangerous condition. *Id.* at 219. *Resendez* does not address whether a customer eating grapes in a store could constitute a dangerous condition, or what the effect is of a defendant's admission that a child eating grapes in a store is a dangerous condition.

Nevertheless, even if we were to agree with Allen, there is no evidence showing the child eating grapes in the store was the proximate cause of Allen's fall. The cashier's statement, as related by Allen and Jones, is completely devoid of detail regarding when and where she had seen the customer eating the grapes. Arguably, because the cashier made her statement contemporaneously with Allen's fall, the jury was entitled to infer that she saw the child eating the grapes recently and close to the area in which Allen fell. We do not think this is a permissible inference given the limited nature of the statement. Consequently, there was no evidence showing that Allen's fall was a proximate result of a child eating grapes, even if a

child eating grapes is a dangerous condition.

We reverse the judgment and render judgment in favor of Brookshire.