Lisa Magee v. Pappadeaux Seafood Kitchen

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-388-CV

LISA MAGEE APPELLANT

V.

PAPPADEAUX SEAFOOD KITCHEN APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Lisa Magee brought a premises liability and personal injury suit against Appellee Pappadeaux Seafood Kitchen after she slipped—allegedly on strawberry puree used on the restaurant’s cheesecake—and fell on her way to the bathroom at the restaurant and fractured her arm.  Pappadeaux filed a motion for summary judgment with supporting evidence claiming that the restaurant lacked actual or constructive knowledge that any substance was on the floor where Magee slipped.  After granting Magee an extension of time to obtain controverting summary judgment evidence, the trial court granted summary judgment in favor of Pappadeaux.

Subsequently, Magee filed a motion for reconsideration and attached the affidavit of Linda Webster, the friend she was dining with at the restaurant when she slipped.  The trial court on its own motion sanctioned Magee by awarding Pappadeaux $1,500 in attorney’s fees, set aside the prior summary judgment, and, after the restaurant filed a second motion for summary judgment, set a second summary judgment hearing.  After the second hearing, the trial court again granted summary judgment for Pappadeaux.

In two issues, Magee claims that a genuine issue of material fact exists concerning the restaurant’s knowledge of the spill and that no legal basis exists for the trial court’s award of attorney’s fees.  For the reasons set forth below, we will affirm the trial court’s summary judgment but reverse the award of attorney’s fees to Pappadeaux.

II. Summary Judgment

The summary judgment standard of review is well settled; the parties agree on the applicable standard.  Consequently, we do not restate it here.  The restaurant filed a traditional motion for summary judgment alleging that it had conclusively established that “no one actually observed any substance on the floor before or after Plaintiff’s fall . . . [and] if substance was in fact on the floor, Pappadeaux had no actual or constructive knowledge of its existence.” The restaurant owed Magee, its invitee, a duty to exercise reasonable care to protect her from dangerous conditions in the restaurant that were known or reasonably discoverable, but it was not an insurer of Magee’s safety.  
See Wal-Mart Stores, Inc. v. Reece
, 81 S.W.3d 812, 814 (Tex. 2002).  To prevail in her premises liability suit, one of the elements that Magee was required to prove was that the restaurant had actual or constructive notice of the spill. 
 See id.
  A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.  
Id.
; 
Wal-Mart Stores, Inc. v. Diaz
, 109 S.W.3d 584, 587 (Tex. App.—Fort Worth 2003, no pet.).
  
We examine the summary judgment evidence, viewing it in the light most favorable to Magee, to determine whether a genuine issue of fact exists concerning the notice element of Magee’s premises liability cause of action.  
See
 Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).   The summary judgment evidence includes deposition excerpts from Tomi Herl, the Pappadeaux manager on duty the evening Magee fell; deposition excerpts from Magee; the affidavit of and deposition excerpts from Magee’s dining companion on the night of the fall, Linda Webster; and deposition excerpts of Pappadeaux employee Jimmy Contreras.

Herl testified that she inspected the area in front of the kitchen entryway—where Magee slipped—within two minutes before Magee fell.  Herl testified that she checks the restaurant’s walkways every time she walks by. Herl did not observe any substance or any wet spots on the floor.  Pappadeaux employee Contreras testified that he was working the night that Magee fell, that he had walked the same path that Magee walked just seconds before Magee did, and that he did not see any substance on the floor.  Contreras said that he was inspecting the floors as he walked because “[i]t’s what we’re suppose[d] to do.”

The restaurant’s policy regarding spills requires any employee who notices a spill to stand near the spill while another employee cleans it up.  No Pappadeaux employee reported a spill in the area where Magee fell.  Contreras testified that when he cleaned the floor where Magee fell before closing that evening, he did not observe any substance or residue on the floor.  The area where Magee fell is inspected more frequently than other areas because employees pass through that area on their way to the kitchen. 

Herl saw a red spot on Magee’s shirt after the fall; she did not know what it was, but she agreed that it could have been strawberry puree off of the top of a piece of strawberry cheesecake.  Magee testified that the smear of red substance was on the “right hip back part” of her shirt.  Hurl stated that there were two smears, each about half the size of a dime.  Webster’s affidavit indicates that she rushed to help her fallen friend and saw “a smeared red substance on the floor” where Magee had fallen and also saw a smear of what appeared to be the same substance on Magee’s clothing.  Webster took Magee to the emergency room and told her that twenty minutes before she had fallen, Webster had noticed that the floor was slick in the same area. 

Viewed in the light most favorable to Magee, Pappadauex conclusively negated the notice element of Magee’s premises liability claim; the summary judgment evidence does not raise a genuine issue of material fact on the notice element.  
See
 
Reece, 
81 S.W.3d at 814; 
Brookshire Food Stores, L.L.C. v. Allen
, 93 S.W.3d 897, 901-02 (Tex. App.—Texarkana 2002, no pet.); 
see also 
 
Clear Creek Basin
, 589 S.W.2d at 678.  The summary judgment evidence conclusively negates each of the three ways Magee could have established notice in a slip-and-fall premises liability claim.  First, Pappadeaux denied intentionally placing a substance on the floor; the restaurant’s policy requires immediate cleanup of any substances observed on the floor.  No summary judgment evidence exists raising an issue as to whether Pappadeaux intentionally placed some substance—claimed to be strawberry puree—on the floor.  
Cf. McClure v. Rich
, 95 S.W.3d 620, 626 (Tex. App.—Dallas 2002, no pet.) (holding that evidence raised fact issue as to who placed rug on floor when evidence showed that rug was not on floor when plaintiff arrived and that he and defendant were the only two people in the house between his arrival and his fall).  Second, Pappadeaux conclusively established that it did not actually know of the substance alleged to be on the floor.  
See Diaz
, 109 S.W.3d at 589.  Hurl testified that she inspected the floor area where Magee fell less than two minutes before the fall and did not see any substance on the floor.  Contreras testified that he had walked the same path that Magee had walked just seconds before Magee fell and that he did not observe any substance on the floor.  
No summary judgment evidence exists that Webster told anyone—even Magee—of the slick area she had encountered until after Magee fell.  Thus, the only question remaining is whether under the third 
Reece
 notice factor “it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.”  
Reece
, 81 S.W.3d at 814; 
see also Diaz
, 109 S.W.3d at 589.  Pappadeaux conclusively established via Herl’s and Contreras’s testimony that no substance was on the floor where Magee fell even seconds before her fall; the condition did not exist long enough that Pappadeux should have discovered it.  
See Allen
, 93 S.W.3d at 901 (holding that evidence was insufficient to prove that premises owner had reasonable opportunity to discover grapes on floor when evidence showed that grapes were on floor less than fifteen minutes and when no evidence existed that anyone saw grapes on floor before plaintiff fell).

But does Webster’s testimony that she encountered a slick area on the floor on her way to the bathroom twenty minutes before Magee fell raise a genuine issue of material fact as to whether the alleged condition—strawberry puree on the floor—existed long enough that Pappadeaux should have discovered it?  Webster testified that she encountered the slick area on her way to the bathroom but that she did not encounter it as she walked back to her seat.  Webster did not look at or inspect the floor either on her way to the bathroom or on her way back to her seat; she did not see any substance on the floor until after Magee fell.
(footnote: 2)  Viewing Webster’s testimony in the light most favorable to Magee, we nonetheless conclude that there is no evidence that any substance was on the floor long enough to give Pappadeaux a reasonable opportunity to discover it.  
See Reece
, 81 S.W.3d at 814;
 Allen
, 93 S.W.3d at 901.  
 

Because no genuine issue of material fact exists concerning the notice element of Magee’s premises liability cause of action, the trial court correctly granted summary judgment for Pappadeaux on that basis.  
See 
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co., 
73 S.W.3d at 215; 
Clear Creek Basin
, 589 S.W.2d at 678. We overrule Magee’s first issue.

III.  Attorneys’ Fees

In her second issue, Magee argues that the trial court abused its discretion by entering an April 12, 2005 order requiring her to pay $1,500 in attorney’s fees to Pappadeaux.  The order grants Magee’s motion for reconsideration of summary judgment for Pappadeaux and then provides,

 IT IS THEREFORE ORDERED that the Order granting Defendant’s Motion for Summary Judgment is set aside, subject to the Plaintiff, Movant’s, payment of the sum of $1500.00 (One thousand five hundred dollars) as attorney’s fees to the Defendant, Non-Movant, on or before Friday April 08, 2005, at 5:00 p.m.

Accordingly, the trial court sua sponte conditioned the granting of Magee’s motion for reconsideration on her payment of $1,500 in attorney’s fees to Pappadeaux; no hearing was held, and no evidence was presented.  

The Texas Supreme Court has consistently held that a prevailing party cannot recover attorney's fees from an opposing party unless permitted by statute or by contract between the parties.  
See, e.g., Holland v. Wal-Mart Stores, Inc.
, 1 S.W.3d 91, 95 (Tex. 1999);
 Travelers Indem. Co. of Conn. v. Mayfield
, 923 S.W.2d 590, 593 (Tex. 1996); 
Dallas Cent. Appraisal Dist. v. Seven Inv. Co.
, 835 S.W.2d 75, 77 (Tex. 1992); 
First City Bank-Farmers Branch v. Guex
, 677 S.W.2d 25, 30 (Tex. 1984); 
New Amsterdam Cas. Co. v. Tex. Indus., Inc.
, 414 S.W.2d 914, 915 (Tex. 1967).  Pappadeaux does not point to any such statute or contract as applicable here.

Instead, Pappadeaux claims that the attorney’s fees award was proper as a sanction imposed pursuant to section 9.012 of the civil practice and remedies code or pursuant to the trial court’s inherent authority.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 9.012 (Vernon 2002).  Section 9.012 authorizes the trial court on its own motion to impose sanctions, including ordering the offending party to pay reasonable attorney’s fees, if the trial court determines that a pleading is groundless and brought in bad faith, groundless and brought for the purposes of harassment, or groundless and interposed for any improper purpose, such as to cause delay or needless increase in the cost of litigation.  
Id.
 §§ 9.011, .012(d).

But the trial court did not find that Magee’s motion for reconsideration was groundless; rather, the trial court granted the motion for reconsideration.  Thus, we hold that civil practice and remedies code sections 9.011 and 9.012—which are applicable to groundless pleadings—do not authorize the order’s requirement that Magee pay Pappadeaux $1,500 in attorney’s fees.  
See Herrmann & Andreas Ins. Agency, Inc. v. Appling
, 800 S.W.2d 312, 320 (Tex. App.—Corpus Christi 1990, no writ) (holding award of attorney’s fees improper because defendants failed to show that plaintiff’s action for breach of covenant not to compete was groundless or brought for improper purposes). We next address whether the trial court’s order that Magee pay Pappadeaux $1,500 in attorney’s fees was authorized under the trial court’s inherent authority.  Clearly, a trial court possesses inherent authority to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity.  
Eichelberger v. Eichelberger
, 582 S.W.2d 395, 398 (Tex. 1979).  A sanction imposed pursuant to the trial court’s inherent authority, like a sanction imposed pursuant to a statute, must be just in that it must bear a direct relationship to the offensive conduct and not be excessive.  
See 
Tex. R. Civ. P.
 215.5(b); 
Shook v. Gilmore & Tatge Mfg. Co.
, 851 S.W.2d 887, 891 (Tex. App.—Waco 1993, writ denied).  Here, the problem is that the trial court did not find that Magee engaged in any specific offensive conduct.  
See Shook
, 851 S.W.2d at 891 (holding that inherent power applies only when evidence and factual findings show that the conduct significantly interfered with the court’s administration of its core functions).  The trial court’s order and Pappadeaux’s appellate brief suggest that Magee’s offensive conduct was filing a motion for reconsideration along with an affidavit that Magee could have obtained earlier, during the extension of time she obtained to file her summary judgment response.  We cannot agree that filing a motion for reconsideration is sanctionable offensive conduct.  Consequently, we sustain Magee’s second issue; we reverse the portion of the trial court’s April 12, 2005 order requiring Magee to pay $1,500 in attorney’s fees to Pappadeaux.

IV.  Conclusion

Having sustained Magee’s second issue, we reverse the portion of the trial court’s April 12, 2005 order requiring Magee to pay $1,500 in attorney’s fees to Pappadeaux.  Having overruled Magee’s first issue, we affirm the trial court’s summary judgment for Pappadeaux. 

PER CURIAM

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: July 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Webster described the slick area as follows:

Q.  Can you describe the slickness?  I mean, how did it feel while you were walking?

A.  I walked and it was like one of those slick kind where you have to catch yourself.  But I went on to the ladies room, came back to my seat.

Q.  When you felt the slickness of the floor, did you look down to see if there was anything on the floor?

A.  No, I didn’t.

Q.  You didn’t?

A.  No.

Q.  It didn’t occur to you to look at the floor?

A.  No.

Q.  You didn’t think you slipped on anything?

A.  No.

Q.  You just thought it was a slick floor?

A.  Yes, I did.

Q.  On your way back from the restroom did you have the same trouble walking?

A.  No.

Q.  Did you inspect the floor at that point walking back?

A.  No, I did not.

Q.  Okay.  So, it’s fair to say you have no idea if there was any substance on the floor at the time you went to the restroom?

A.  At the time, no.