Opinion issued February 3, 2011

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00871-CV

———————————

Crystle Coburn, Appellant

V.

Toys
"R" Us - Delaware, Inc. d/b/a Toys "R" Us #7009, Appellee



 



 

On Appeal from the County Civil Court at Law No. 4

Harris County, Texas



Trial Court Case No. 934561

 



 

MEMORANDUM OPINION

          In
this slip-and-fall case, appellant, Crystle Coburn, sued Toys “R” Us –
Delaware, Inc. d/b/a Toys “R” Us
#7009 (“Toys R Us”) for negligence after she allegedly slipped on a “slippery
substance” and sustained injuries.  Toys
R Us moved for traditional and no-evidence summary judgment, contending that
Coburn could present no evidence that Toys R Us had either actual or
constructive knowledge of the alleged dangerous condition.  The trial court rendered summary judgment in
favor of Toys R Us.  In two issues on
appeal, Coburn contends that the trial court erred in rendering summary
judgment because (1) she raised a fact issue on each element of her cause of action,
and (2) the trial court incorrectly ruled that “the scintillas of evidence
offered by Coburn were too weak to proceed to trial on.”

          We
affirm.

Background

          On
February 15, 2007, Coburn, her husband, and her youngest son visited a local
Toys R Us store.  While in the “Thomas
the Tank Engine” section, Coburn allegedly slipped on a “slippery substance”
located on the floor and fell.  Coburn
hit her face on the floor and bruised her right hand, which was caught between
the floor and the shopping cart when she fell.

          Coburn
sued Toys R Us for negligence under a premises liability theory, alleging that
Toys R Us “negligently failed to protect [Coburn] from known or discoverable
dangerous conditions on the premises.”  Coburn
specifically alleged that Toys R Us failed to “give adequate and understandable
warning” to Coburn about the “unsafe condition” on the floor and it failed to
make the condition on the floor safe.

          Toys
R Us moved for both traditional and no-evidence summary judgment, contending
that Coburn could present no evidence that it had actual or constructive
knowledge of the substance on the floor, and thus Coburn could not prevail on
her claim.  As summary judgment evidence,
Toys R Us attached the affidavit of Kim Magee, Toys R Us’s manager on duty at
the time of the accident, and Coburn’s deposition testimony.  Magee stated that, as part of her duties, she
walks around and inspects all areas of the store on an hourly basis.  She averred that, approximately fifteen to
twenty minutes before Coburn fell, she had walked “directly over” the area and
had not seen “any liquid or substance on the floor[,] either down the aisle or
in the place where Ms. Coburn fell.”  Magee
further averred that, immediately after the fall, she inspected the area and
did not see anything on the floor.

          In
her deposition, Coburn testified that, as she was pushing her shopping cart,
she realized that she had stepped in a “clear, sticky substance” and she fell
to the ground.  When Coburn fell, “[her]
face hit the floor and then [her] hand was caught between the floor and the
basket.”  Coburn stated that she did not
know what the substance was, although she noted that it was clear, “dingy,” and
had formed a medium-sized puddle on the floor. 
She testified that there were no cart tracks, other than hers, through
the puddle.  Coburn further testified
that she did not know how long the substance had been on the floor before her
fall, that nothing indicated to her that the substance had been on the floor
for a long period of time, that no one had mentioned the substance to her before
her fall, that she did not know if anyone else had slipped on the substance,
and that she had no reason to believe that Toys R Us employees were aware of
the substance before her fall.

          In her
response to Toys R Us’s motion, Coburn contended that a scintilla of evidence
existed that Toys R Us knew that the substance was on the floor.  Coburn attached the “Guest Incident Report,”
completed by Kim Magee, and a “Guest Incident Statement” form, completed by
Toys R Us employee Sean Espinoza, as additional summary judgment evidence.  Espinoza stated that, at the time of the
fall, he was in the “RZONE” location of the store when he heard a crash.  He arrived in the area where Coburn had
fallen, and he observed her standing up from the floor.  He stated that he called Magee over, and,
while Magee examined Coburn’s injuries, Espinoza “examined the floor for
anything that could have caused [Coburn] to slip.”  He did not find anything on the floor.  In her incident report, Magee stated that a
Toys R Us manager or associate last inspected the area less than five minutes
before the fall.  She repeatedly stated
in her report that the area was “clean and dry.”

Coburn argued that because Espinoza
circled the “Associate Witness” option at the top of the Incident Statement
form—as opposed to the “Injured
Guest,” “Property Damage,” or “Guest Witness” options—he admitted that he was a witness to the event
and, therefore, he had “placed himself in the position of being able to have
effectuated a change and to have been in a position to prevent the fall.”  Further, because Espinoza admitted to hearing
the crash and witnessing Coburn standing up from the floor, this evidence
raised a fact issue regarding whether Toys R Us had constructive notice of the
“unreasonable risk of harm.”

Coburn also argued that Espinoza’s
statement contradicted Magee’s affidavit, and that, therefore, the affidavit
was not competent summary judgment evidence. 
Specifically, Espinoza stated that Magee examined Coburn’s injuries
while he inspected the floor, but Magee stated that she inspected the floor
“immediately after” the fall.  Thus,
“[o]bviously,” Magee did not immediately inspect the floor, but instead
examined Coburn.  Coburn further argued
that Magee’s affidavit was not competent summary judgment evidence because Magee
stated in the affidavit that she inspected the area approximately fifteen to
twenty minutes before the fall, but, in the incident report, Magee stated that
she inspected it “less than five minutes” before the fall.  Coburn also argued that her own deposition
testimony raised a fact issue because she testified that she was the one who
found Magee and brought her to the scene, but Espinoza stated that he summoned
Magee.

          The
trial court rendered summary judgment in favor of Toys R Us and this appeal
followed.

Standard of Review

We review de novo the trial court’s
ruling on a summary judgment motion.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  When a party moves for both traditional and
no-evidence summary judgment, we first review the trial court’s ruling under
the no-evidence standard of review.  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).  If the trial court
properly granted the no-evidence motion, we do not consider the arguments
raised regarding the traditional summary judgment motion.  Id.

          After
an adequate time for discovery, a party may move for no-evidence summary
judgment on the ground that no evidence exists of one or more essential
elements of a claim on which the adverse party bears the burden of proof at trial.  Tex.
R. Civ. P. 166a(i); see Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  The burden then shifts to the nonmovant to
produce evidence raising a genuine issue of material fact on the elements
specified in the motion.  Tex. R. Civ. P. 166a(i); Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 582 (Tex. 2006).  The trial court
must grant the motion unless the nonmovant presents more than a scintilla of
evidence raising a fact issue on the challenged elements.  Flameout
Design & Fabrication, 994 S.W.2d at 834; Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997) (“More than a scintilla of evidence exists when the evidence supporting
the finding, as a whole, ‘rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.’” (quoting Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995))).  To
determine if the nonmovant raises a fact issue, we review the evidence in the
light most favorable to the nonmovant, crediting favorable evidence if
reasonable jurors could do so, and disregarding contrary evidence unless
reasonable jurors could not.  See Fielding, 289 S.W.3d at 848 (citing City of Keller v. Wilson, 168 S.W.3d 802,
827 (Tex. 2005)).

          To
prevail on a traditional summary judgment motion, the movant must establish
that no genuine issues of material fact exist and that it is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  When, as here, the trial court’s summary
judgment does not state the basis for the court’s decision, we must uphold the
judgment if any of the theories advanced in the motion are meritorious.  Providence
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003).

 

Constructive Knowledge of Condition

          In
her first issue, Coburn contends that the trial court erred in rendering
summary judgment in favor of Toys R Us because her summary judgment evidence
raised a fact issue regarding whether Toys R Us had constructive knowledge of
the allegedly slippery substance on its floor. 
In her second issue, Coburn contends that the trial court erred in ruling
that the scintilla of evidence that she offered was too weak to create a fact
issue.  We consider these issues
together.

          Toys
R Us owed Coburn, its invitee, a duty to exercise reasonable care to protect
her from dangerous conditions in the store that were either known or reasonably
discoverable.  See Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex.
1998); Bendigo v. City of Houston,
178 S.W.3d 112, 114 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  This duty does not, however, make the
premises owner an insurer of the invitee’s safety.  Gonzales,
968 S.W.2d at 936; Bendigo, 178
S.W.3d at 114.  To recover damages in a
slip-and-fall case, a plaintiff must prove:

(1) Actual or constructive
knowledge of some condition on the premises by the owner/operator;

 

(2) That the condition posed an
unreasonable risk of harm;

 

(3) That the owner/operator did
not exercise reasonable care to reduce or eliminate the risk; and

 

(4) That the owner/operator’s
failure to use such care proximately caused the plaintiff’s injuries

 

Keetch v.
Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). 
The plaintiff satisfies the notice element by establishing one of three
things:  (1) the defendant placed a
substance on the floor; (2) the defendant actually knew the substance was on
the floor; or (3) it is more likely than not that the dangerous condition had existed
long enough to give the premises owner a reasonable opportunity to discover
it.  Wal-Mart
Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002); Bendigo, 178 S.W.3d at 114. 
Coburn has not asserted that a Toys R Us employee placed the substance
on the floor, nor has she contended that a Toys R Us employee actually knew of
the substance.  Thus, to hold Toys R Us
liable, Coburn had to raise a fact issue regarding whether the spill “had been
on the floor for a sufficient period of time that [the defendant] had a
reasonable opportunity to discover it.”  Reece, 81 S.W.3d at 814; see also Wal-Mart Stores, Inc. v. Diaz,
109 S.W.3d 584, 588 (Tex. App.—Fort Worth 2003, no pet.) (holding issue in
slip-and-fall case is “whether the substance has been on the floor for so long
a time that a reasonably prudent business owner exercising ordinary care should
have discovered it”).

          Temporal
evidence—evidence of the length of
time the dangerous condition existed—is the best indication of whether the premises owner had a reasonable
opportunity to discover and remedy the condition.  Reece,
81 S.W.3d at 816 (citing CMH Homes, Inc.
v. Daenen, 15 S.W.3d 97, 102–03 (Tex. 2000)).  “An employee’s proximity to a hazard, with no
evidence indicating how long the hazard was there, merely indicates that it was
possible for the premises owner to
discover the condition, not that the premises owner reasonably should have discovered it.”  Id.
(emphasis in original).  Temporal
evidence is necessary for the fact-finder to reasonably assess the opportunity that
the premises owner had to discover the condition.  Id.  A reasonable time for the owner to discover
the condition varies depending upon the facts and circumstances of each case,
and evidence of an employee’s proximity to the hazard “will often be relevant
to the analysis.”  Id.  For example, if a
dangerous condition is conspicuous, or an employee was in close proximity to a
less conspicuous hazard for a “continuous and significant period of time,” an
employee’s proximity might shorten the time period in which the fact finder
could find that the premises owner should have reasonably discovered the
condition.  Id.  Regardless, “there must
be some proof of how long the hazard was there before liability can be imposed
on the premises owner for failing to discover and rectify, or warn of, the
dangerous condition.”  Id.

          Coburn
contends that she raised a fact issue regarding constructive notice by
attaching the incident statement of Sean Espinoza, a Toys R Us employee who
stated that he was an “Associate Witness” to the incident.  According to Coburn, by circling the
“Associate Witness” option on the incident report form, Espinoza admitted that
he was a witness to the incident, and thus, he “was in the position of being
able to have effectuated a change and . . . to prevent the
fall.”

          Espinoza’s
own incident report, however, reflects that he did not witness Coburn slip and
fall to the floor.  Instead, he stated
that he heard a crash while in the “RZONE” area of the store and that he walked
over to see if anyone was hurt.  He
arrived in time to see Coburn standing up from the floor.  At most, this evidence establishes that
Espinoza was within hearing distance of the accident, not that he was an
eye-witness.

          Furthermore,
as the Texas Supreme Court held in Reece,
the mere proximity of an employee to the site of an accident does not raise a
fact issue regarding constructive notice of a dangerous condition.  Id.
at 816; Wal-Mart Stores, Inc. v. Spates,
186 S.W.3d 566, 567 (Tex. 2006) (per curiam). 
The plaintiff must present some evidence of how long the hazard existed
to impose liability on the premises owner. 
Reece, 81 S.W.3d at 816.  In her deposition, Coburn testified that the
substance was clear and had formed a medium-sized puddle on the floor; thus,
there is no evidence that the substance was conspicuous.  See id.
(“There was no evidence that the spill was conspicuous—it was not large and consisted of a clear
liquid on a light tile floor.”).  Coburn
presented no evidence of how long the substance was on the floor before she
fell.  Coburn presented no evidence that
a Toys R Us employee saw the spill before she fell or that it was there when
Kim Magee made her rounds of the store approximately fifteen to twenty minutes
before the fall.  See Brookshire Food Stores, L.L.C. v. Allen, 93 S.W.3d 897, 901
(Tex. App.—Texarkana 2002, no pet.) (holding evidence legally insufficient to
establish constructive knowledge when employee walked through area
approximately fifteen minutes before fall and did not notice grapes on floor
and plaintiff presented no evidence that others saw grapes before her fall).  Coburn also presented no evidence regarding
“when or how the spill came to be on the floor.”  See Reece,
81 S.W.3d at 817.  Coburn acknowledged in
her deposition that she did not know how long the substance had been on the
floor prior to her fall, and she did not present such temporal evidence from
any other source.  See Gonzalez, 968 S.W.2d at 937–38 (holding evidence legally
insufficient to establish constructive knowledge when “[t]he witnesses had not
seen the macaroni salad prior to the fall and had no personal knowledge of the
length of time it had been on the floor”).[1]

As the plaintiff, Coburn bears the
burden to establish that “it was more likely than not that [the defendant]
should have been aware of the spill because it existed long enough to give [the
defendant] a reasonable opportunity to discover and rectify it, or to warn
about it.”  See Reece, 81 S.W.3d at 817. 
Because Coburn presented no evidence regarding how long the substance
had been on the floor before her fall, we conclude that she failed to raise a fact
issue regarding whether Toys R Us had constructive notice of the allegedly
dangerous condition.  We therefore hold
that the trial court correctly rendered summary judgment in favor of Toys R Us.

We overrule Coburn’s first and
second issues.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

 











[1]
          In Wal-Mart Stores, Inc. v. Gonzalez, the Texas Supreme Court held
that testimony that the macaroni salad that had fallen on the floor had “a lot
of dirt” and shopping cart tracks through it and it “seemed like it had been
there awhile” was no evidence that the macaroni salad had been on the floor
long enough to charge Wal-Mart with constructive notice of the condition.  968 S.W.2d 934, 938 (Tex. 1998).  The supreme court held that the cart tracks
in the macaroni salad were equally consistent with inferences that the macaroni
had been on the floor for a long period of time or that the macaroni had just
been dropped “and was quickly contaminated by customers and carts traversing
the aisle.”  Id. at 937.  The testimony
did not establish that it was “more likely than not that the macaroni had been
there for a long time”; instead, it only established that the macaroni “could
possibly have been there long enough to make Wal-Mart responsible for noticing
it.”  Id.
at 938.  Similarly, here, Coburn
presented no evidence of how long the substance was on the floor before she
fell.  Although she testified in her
deposition that the substance looked “dingy,” she also stated that nothing
indicated that the substance had been on the floor for a long period of
time.  Coburn, therefore, presented even
less testimony than the plaintiff in Gonzalez
regarding the length of time that the substance was on the floor.