# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40058
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2015

Lyle W. Cayce
Clerk

CYNTHIA MURRAY,

      Plaintiff - Appellant

v.

CHICK-FIL-A, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:14-CV-11

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Cynthia Murray appeals the district court's grant of summary judgment dismissing her premises liability claim for personal injuries suffered in a slip-and-fall accident at a Chick-fil-A restaurant.   We AFFIRM.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40058

## FACTUAL AND PROCEDURAL BACKGROUND

Cynthia Murray and two of her co-workers visited a Chick-fil-A restaurant in Nacogdoches, Texas, on the morning of May 9, 2012. Murray claims that while in the restroom she slipped on liquid on the floor and fell, causing extensive injuries.

Murray brought suit against Chick-fil-A, Inc., a Georgia corporation, which Murray sued as the owner or operator of the restaurant where she fell. She filed her action in the United States District Court for the Eastern District of Texas. She asserted claims for premises liability, negligence, and gross negligence. Chick-fil-A moved for summary judgment on all claims, which the district court granted. Murray timely appealed only on her premises liability claim. She now argues that the district court erroneously applied a "hardline temporal requirement" and determined Murray had not shown a genuine issue of material fact as to Chick-fil-A's constructive notice.

## DISCUSSION

We review a district court's grant of summary judgment de novo. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is a sufficient dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Rogers*, 755 F.3d at 350 (citation and quotation marks omitted). We "construe[] all facts and inferences in the light most favorable to the nonmoving party." *Id.* (citation and quotation marks omitted). Nonetheless, a nonmovant cannot survive summary judgment by offering "[conclusory] allegations, unsupported assertions, or [by] present[ing] [] only a scintilla of evidence." *Id.* (citation and quotation marks omitted).

2

No. 15-40058

*I.    The Temporal Evidence Requirement*

Murray argues that the district court erred by applying a "hardline temporal requirement" for evidence of constructive notice.  Murray contends the temporal requirement is "neither dispositive nor the sole standard to establish constructive notice" for premises liability.

Under Texas law, a premises liability plaintiff must show, among other things, that the premises owner or occupier had actual or constructive knowledge of a condition on the premises.  *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).  To prove such knowledge, the plaintiff can establish: (1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."  *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).  Murray attempts to show constructive knowledge only with evidence it was more likely than not that the liquid was on the floor long enough to give Chick-fil-A a reasonable opportunity to discover it.

In *Reece*, the Texas Supreme Court emphasized that "[w]ithout some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."  *Id.* at 816.  The *Reece* decision expressly disapproved of those Texas appellate court decisions allowing an employee's proximity to a dangerous condition to show constructive notice.  *Id.* at 815, 816 & n.1.  An employee's proximity or a condition's conspicuity would often be "relevant" to the analysis of how long a condition could exist before a premises owner should reasonably have discovered it.  *Id.* at 816.  Proximity or conspicuity on their own, however, are insufficient to show constructive notice under *Reece*.  *Id.*

Following *Reece*, Texas courts have granted summary judgment motions when the plaintiff did not offer sufficient temporal evidence to establish

3

No. 15-40058

constructive notice. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566 (Tex. 2006); *Gillespie v. Kroger Texas, L.P.*, 415 S.W.3d 589 (Tex. App.—Dallas 2013, no pet.); *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Murray cites a few decisions that she argues support relaxing the temporal evidence rule. In one, the Texas Supreme Court recognized constructive notice existed when a premises owner knew the design and maintenance of a grape display made it unreasonably dangerous at all times. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). In the other, an intermediate appellate court held that under *Corbin*, a mat buckled so frequently as to make it dangerous from the moment it was placed on the floor. *Crosby v. Minyard Food Stores, Inc.*, 122 S.W.3d 899, 901–02 (Tex. App.— Dallas 2003, no pet.). These decisions are inapposite. Even if a restroom is an area likely to have hazardous spills, we see no basis to eliminate the temporal requirement. *Corbin* applies only to conditions that are dangerous from the inception of their use in contrast to conditions that become dangerous over time, even if they frequently do become dangerous. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *see also Crosby*, 122 S.W.3d at 901– 02. For conditions that become dangerous over time, a premises owner has to have actual or constructive knowledge of the particular danger that has arisen. *See CMH Homes*, 15 S.W.3d at 101. Here, Chick-fil-A's restroom is not a dangerous condition from the inception of its use; it only becomes dangerous over time if not properly maintained.

Thus, Murray must show that Chick-fil-A had constructive notice of this particular hazardous condition, not just a general awareness that hazards could arise. To show constructive notice, evidence must make it more likely than not that this hazardous condition existed long enough that Chick-fil-A should have discovered it. *See id.* at 102–03.

## II.   *Murray's Evidence of Chick-fil-A's Constructive Notice*

We now turn to the evidence that Murray asserts created a genuine issue of material fact as to Chick-fil-A's constructive knowledge.

Preliminarily, we reject the argument that constructive notice is a question of fact solely for the jury because it concerns state of mind.  To survive summary judgment on this question, Murray must show some evidence that would enable a reasonable jury to find it was more likely than not that the condition existed long enough that Chick-fil-A should have discovered it.  *See Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 600–01 (N.D. Tex. 2006).

Murray's evidence at most allows an inference that the liquid on the floor existed for a few minutes.  When Murray arrived at Chick-fil-A with her two co-workers, one of them, Leigh Stewart, used the restroom first.  Her affidavit does not suggest that the liquid was present at that time because she did not state that she saw liquid on the floor when she used the restroom.  The other co-worker, Scharla Hayley, then entered the restroom and saw a "fairly large" puddle on the floor.  Hayley was washing her hands when Murray entered the restroom and slipped on the liquid.  Such a short amount of time is insufficient to impart constructive notice on Chick-fil-A.  *See Sturdivant*, 464 F. Supp. 2d at 603 (refusing to find a fact issue of constructive notice under Texas precedent when water had been on the floor for five minutes).

Murray also offered the testimony of former Chick-fil-A employees who said they check the restrooms every ten minutes during peak hours and every ten to thirty minutes otherwise.  Murray's evidence would not enable a reasonable jury to find the liquid on the floor had existed long enough that Chick-fil-A employees would have discovered it in a regular restroom check.  Murray also offers no evidence that this policy was not followed in her case.  Murray's evidence does not support a reasonable inference that it was more

likely than not that the liquid existed long enough that Chick-fil-A should have discovered it.

Murray did not meet her burden as a nonmovant to offer some evidence showing a genuine issue of material fact as to Chick-fil-A's constructive notice.

AFFIRMED.