# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10837
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2016

Lyle W. Cayce
Clerk

MARIA GRANADOS,

Plaintiff–Appellant,

v.

WAL-MART STORES, INCORPORATED; WAL-MART STORES TEXAS, L.L.C., doing business as Wal-Mart Stores Texas 2007, L.L.C.,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3860

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Maria Granados appeals the district court's grant of summary judgment in favor of Wal-Mart on her premises liability cause of action. Because we conclude that the district court properly held that Granados failed to establish a triable issue as to whether Wal-Mart knew or should have known about the puddle in which Granados slipped, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10837

# I

On August 3, 2013, Maria Granados visited a store owned and operated by Wal-Mart Stores Texas, L.L.C. (Wal-Mart) for a routine shopping trip. Near the end of her visit, after walking into a checkout aisle, Granados slipped in a puddle of clear liquid and injured herself. A Wal-Mart employee described the puddle as being approximately six inches in diameter, though Granados asserts that the amount of paper towels used to clean the puddle suggests it was larger.

Prior to the slip, a Wal-Mart employee named Mercedes Acosta had been mopping the store's checkout area. According to video surveillance of the incident, she briefly mopped the entrance of the aisle in which Granados slipped about five minutes prior to the incident, coming within approximately five feet of the puddle's location with her torso generally facing it. At her deposition, Acosta testified that although she normally looks for puddles and other hazards while cleaning, she did not see the puddle in which Granados slipped when she mopped the aisle. No other witness testified to seeing the puddle. However, an assistant manager at the store who viewed the puddle after Granados slipped testified that someone actively looking for hazards "should have" noticed the puddle from approximately five feet away if it were present.

After the incident, Granados brought a premises liability suit against Wal-Mart in Texas state court. Wal-Mart removed the case to the Northern District of Texas, where Granados filed an amended complaint. After the close of discovery, Wal-Mart filed a motion for summary judgment. The district court granted the motion in full, holding that Granados failed to offer any evidence that the spill in which Granados slipped had been present long

No. 15-10837

enough that Wal-Mart reasonably should have discovered and corrected it. Granados timely appealed.

## II

"We review a grant of summary judgment *de novo*, applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party."[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]

## III

The parties agree that Texas substantive law governs this case.[3] Under Texas law, Wal-Mart owed Granados, its invitee, "a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it."[4] To recover damages on a slip-and-fall claim, an invitee plaintiff must establish:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.[5]

Wal-Mart asserts that that Granados failed to put forth evidence as to either of the first two elements. The district court agreed as to the first element and did not reach the second. We do the same.

---

[1] *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 895 (5th Cir. 2013) (per curiam).

[2] FED. R. CIV. P. 56(a).

[3] *See Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003).

[4] *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

[5] *Id.*

No. 15-10837

Granados may satisfy the knowledge element "by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."[6]  Granados claims that she has put forth evidence of both actual and constructive knowledge.

As to actual knowledge, we need not reach Wal-Mart's contention that Granados waived her knowledge argument by failing to present it in the district court because we conclude that even if Granados did preserve the argument, she offered no evidence to support it.  Granados argues that she put forth sufficient evidence to raise a triable issue as to whether two Wal-Mart employees saw the puddle.  First, she cites Acosta, who can be seen in the video of the incident mopping the Wal-Mart checkout area five minutes before Granados slipped.  In the video, Acosta, head down and looking at the floor, pushes her mop into the aisle in which Granados slipped.  She comes within about five feet of the location of the slip.  According to Granados, the fact that Acosta came so close to the spill's location demonstrates that she must have seen the puddle, especially in light of her testimony that looking for such spills is part of her job while cleaning.  Additionally, Granados argues that Acosta's testimony that she "would have seen" a spill if one were present, and testimony from Wal-Mart's assistant manager that the spill would have been noticeable to a person looking for spills from three and one half feet away, demonstrate that Acosta actually saw the spill.

However, Acosta's mere proximity to the spill cannot alone support a reasonable inference that Acosta saw the spill in the face of her denial and of the inconspicuousness of the puddle, even if, as the district court accepted, the

---

[6] *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

4

No. 15-10837

spill was present at the time Acosta cleaned the area. Nor can the assistant manager's testimony that someone looking for hazards "would [have] notice[d]" the puddle. These arguments are mere speculation as they pertain to actual knowledge, and are therefore insufficient to defeat summary judgment.[7]

Granados also references as supporting actual knowledge a second Wal-Mart employee who appears in the video about ten seconds before the slip, walks to an area near the puddle, then turns around and walks away. According to Granados, this second employee was in the aisle of the puddle with cleaning tools, and the fact that she looked to the ground and then turned around and walked away is evidence that she saw the spill. However, even if this employee's presence in the aisle could conceivably support an inference of actual knowledge, the video demonstrates clearly that she was *not* in the aisle in which Granados slipped, but the aisle next to it, and was not looking in the direction of the puddle at all. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."[8] Thus, we need not credit Granados's contention that this second employee was in the aisle containing the spill, and this employee's appearance in the video does not support Granados's argument that Wal-Mart had actual knowledge.

Accordingly, we turn to constructive notice. Constructive notice under Texas law is evaluated pursuant to the "time-notice" rule, which requires that Granados "prove that the spill had been on the floor for a sufficient period of

---

[7] *Lawrence v. Fed. Home Loan Mortgage Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) ("A non-movant will not avoid summary judgment by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'" (quoting *Likens v. Hartford Life & Accident Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012))).

[8] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

time that Wal-Mart had a reasonable opportunity to discover it."[9]  The rule "is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition."[10]

In *Wal-Mart Stores, Inc. v. Reece*, the Supreme Court of Texas held that "some proof of how long the hazard was there [is necessary] before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition."[11]  That court also made clear that individual facts and circumstances are relevant to determining what constitutes a reasonable amount of time in which the premises owner should have discovered the condition in a given case.  For example, the court noted:

> [I]f the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it.  Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition.[12]

Still, "temporal evidence, not proximity evidence, is the *sine qua non* of a premises owner's constructive knowledge."[13]

Here, Granados has offered no evidence regarding how long the spill was present before she slipped in it.  Instead, she speculates from the lack of affirmative video evidence of a cause for the puddle in the five minutes before she slipped that it must have been present for at least five minutes, and was therefore on the ground when Acosta cleaned the area.  But even if we accept

---

[9] *Reece*, 81 S.W.3d at 814.

[10] *Id.* at 816.

[11] *Id.*

[12] *Id.*

[13] *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 315 (5th Cir. 2003).

this premise, as the district court did despite acknowledging its "weaknesses," Texas courts consistently reject as a matter of law that a period of such short duration is long enough to give a premises owner a "reasonable opportunity to discover and remedy a dangerous condition."[14]

This conclusion is unchanged by the fact that Acosta was in the vicinity of the spill and looking for dangerous conditions five minutes before Granados slipped.[15] Although Granados cites testimony from a Wal-Mart employee suggesting that someone looking for hazards five to ten feet from the puddle "should have" seen it, she does not argue that it was conspicuous in the manner contemplated by *Reece*, which hypothesized that a "large puddle of dark liquid on a light floor" might shorten the amount of time in which a premises owner should reasonably have discovered a spill.[16] Rather, it is undisputed that the spill was clear, on a light-colored floor, and not particularly large. Nor does Acosta's presence in the area of the spill qualify as "continuous and significant" in a manner that would shorten the amount of time necessary under *Reece*— surveillance video demonstrates that she was mopping at the entrance of the relevant aisle for less than five seconds.

In sum, Granados failed to raise a triable issue as to whether the spill in which Granados slipped was in existence for long enough that Wal-Mart reasonably should have discovered it.

---

[14] *Reece*, 81 S.W.3d at 816; *accord Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (rejecting constructive notice where "available evidence suggest[ed] [that] grapes were not on the floor longer than fifteen minutes"); *see also Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 518 (5th Cir. 2015) (per curiam) ("Murray's evidence at most allows an inference that the liquid on the floor existed for a few minutes. . . . Such a short amount of time is insufficient to impart constructive notice.").

[15] *Dixon*, 330 F.3d at 315 ("*Reece* mandates the conclusion that the accident's occurrence just two feet from a cashier is, by itself, nondeterminative of Wal-Mart's constructive knowledge." (internal quotation marks omitted)).

[16] *Reece*, 81 S.W.3d at 816.

No. 15-10837

\*　　\*　　\*

For the reasons set forth above, the district court's judgment is AFFIRMED.