# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10157

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2019

Lyle W. Cayce
Clerk

ALICE TOWNSON; JOSEPH H. TOWNSON,

      Plaintiffs - Appellants

v.

WAL-MART STORES, INCORPORATED; WAL-MART STORES TEXAS, L.L.C.,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-3808

Before CLEMENT, OWEN, and HO, Circuit Judges.

PER CURIAM:*

Alice Townson tripped and fell over a carpet mat in the entrance to the auto department of a Texas Wal-Mart. Townson brought a claim for premises liability against Wal-Mart. The district court granted summary judgment in favor of Wal-Mart and we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10157

Security footage established that the mat's end became folded over by the wind less than two minutes before Townson entered the store. No Wal-Mart employees can be seen in the entry area during the eighty-second period between the mat's flipping and Townson's fall. But the security tape does show employees swiftly coming to Townson's aid after she fell. And the footage reveals that the mat had previously flipped about thirty minutes before Townson's accident, that it remained flipped for roughly twenty minutes, and that an employee kicked the fold out of the mat about eight minutes prior to Townson entering.

The district court held that Wal-Mart did not have actual or constructive knowledge of the dangerous condition. "Under Texas law, a premises liability plaintiff must show, among other things, that the premises owner or occupier had actual or constructive knowledge of a condition on the premises." *Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 516–17 (5th Cir. 2015) (per curiam) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). As relevant here, the plaintiff can meet that burden by establishing that: (1) "the defendant actually knew" of the condition; or (2) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

The district court correctly found that Townson introduced no evidence that Wal-Mart had actual knowledge of the condition that caused her injury. The end of the mat had been flipped for less than two minutes before Townson tripped over it, and no Wal-Mart employees enter the camera frame during that period. No Wal-Mart employee testified that he had seen the mat flipped in the two minutes preceding the accident. Townson herself testified that she did not recall seeing any Wal-Mart employees as she walked through the auto

No. 18-10157

department entrance. Although Townson attempts to use Wal-Mart employee testimony to establish that Wal-Mart was aware that the mat placed at the entrance to the store was repeatedly affected by the wind, Wal-Mart's knowledge of the mat's tendency to flip would not establish Wal-Mart's actual knowledge of the second folding of the mat. "Ordinarily, an unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006). Even assuming Townson could show that Wal-Mart knew its use of the mat might possibly become dangerous over time, actual knowledge requires the storeowner to know that the mat was in a dangerous condition at the time the accident occurred. *See Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010).

Townson also argues that Wal-Mart had constructive knowledge of the condition because the condition existed long enough for Wal-Mart to discover it through reasonable inspection. But, again, the condition that Townson must prove Wal-Mart had knowledge of is the condition that injured her—the second flipping of the mat. Knowledge that the mat was consistently crooked with respect to the entryway or that it may have been continuously buckled in its center does not automatically impute knowledge of the specific condition that caused Townson's injury. *See Cartwright v. Pinnacle Entm't, Inc.*, 2011 WL 193495, at *7–8 (Tex. App. Jan. 20, 2011) (mem. op.) (focusing on the "specific wrinkle in the mat" that caused a fall).

To establish constructive knowledge, Texas courts apply a "time-notice rule" because "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Reece*, 81 S.W.3d at 816. The mat was flipped for less than ninety seconds before

3

Townson fell. That was insufficient time for Wal-Mart to have a reasonable opportunity to discover it under these facts. *See Murray*, 626 F. App'x at 518 (finding summary judgment appropriate because the presence of liquid on floor for "a few minutes" was insufficient to impart constructive notice); *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (finding summary judgment appropriate because the existence of a hazard for 30 to 45 seconds was insufficient to impute constructive knowledge); *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 603 (N.D. Tex. 2006) (refusing to find a fact issue of constructive notice under Texas precedent when water had been on the floor for five minutes).

Wal-Mart's knowledge that the mat had blown over in the past does not change this result. "An owner's or occupier's knowledge of prior incidents of damage to a premises would bear on the reasonableness of inspections and the reasonableness of the care exercised by the owner or occupier to make the premises safe. But a premises owner or occupier is not strictly liable for defects on its premises." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). Eight minutes passed between the initial straightening of the mat by an employee and its flipping again, and the mat remained in that state for less than two minutes before the accident. While Wal-Mart's knowledge of the previous condition may have obligated Wal-Mart to inspect the area more frequently than it otherwise would have, that knowledge did not require Wal-Mart to check the entryway every ninety seconds. The district court did not err in concluding that Wal-Mart did not have a reasonable opportunity to discover and remedy the dangerous situation.

Townson argues that testimony offered by three of Wal-Mart's own witnesses create a fact issue as to Wal-Mart's knowledge of the condition. She argues that the court should have credited the testimony of three Wal-Mart

employees who—although they did not personally observe the accident when it occurred—later watched the security footage and then opined that Wal-Mart should have known about the danger the mat posed. The district court did not address their testimony in its discussion of actual knowledge, but called the testimony "speculative" as to constructive knowledge without explicitly excluding it. Townson urges on appeal that the witnesses' particularized knowledge of the premises and of Wal-Mart safety practices, coupled with their viewing of the footage, qualified them to offer lay opinion testimony under Rule 701 of the Federal Rules of Evidence.

As to actual knowledge, Wal-Mart is correct that the testimony is speculative. Rule 701 permits a lay witness to give opinion testimony when it is "rationally based on the witness's perception." FED. R. EVID. 701. But testimony by the Wal-Mart auto department supervisor, automotive technician, and corporate representative regarding what Wal-Mart actually knew based on the conditions on the day of the accident was not based on their personal perceptions. *See Granados v. Wal-Mart Stores, Inc.*, 653 F. App'x 366, 368 (5th Cir. 2016) (per curiam) (assistant manager's testimony that someone on the lookout for hazards would have noticed the spill was speculation as to actual knowledge). Watching the security footage did not enable absent employees to opine on what other employees actually knew at the time of the accident. Townson cannot use Wal-Mart employees' subsequent viewing of a video tape to establish Wal-Mart's actual knowledge of the dangerous condition.

And while the testimony of the Wal-Mart employees was relevant to constructive knowledge—bearing on whether Wal-Mart should reasonably have discovered the folded mat before Townson fell—the district court was also correct that the testimony was insufficient to create a fact issue. To overcome

summary judgment, Townson was required to present evidence that, if credited, would support the reasonable inference that the mat had been flipped long enough that Wal-Mart should have discovered it. *See Murray*, 626 F. App'x at 518. Collectively, the witness testimony offered evidence of Wal-Mart safety practices, Wal-Mart's knowledge that the mat had occasionally flipped before in windy conditions, and the opinion that Wal-Mart should have discovered the defect in the mat on this instance before Townson fell. But even crediting these witnesses' opinions on the constructive knowledge question, the time period the mat was flipped prior to Townson's fall was simply too short in duration to impute knowledge of the condition to Wal-Mart. *See id.* at 517–18; *Spates*, 186 S.W.3d at 568; *Sturdivant*, 464 F. Supp. 2d at 603.

Finally, Townson argues that, even if Wal-Mart did not have actual or constructive knowledge of the dangerous condition, Wal-Mart is liable because the mat was an unreasonably dangerous condition from the inception of its use. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983) (holding that a slip-and-fall plaintiff may recover by showing that the storeowner failed to use reasonable care to protect customers from conditions which were dangerous from the inception of their use, as opposed to becoming dangerous over time). The facts of this case do not support such a theory.

The Supreme Court of Texas clarified that the *Corbin* theory of recovery applies only to an "exceptional case." *Brookshire*, 222 S.W.3d at 408. As this court has explained, "*Corbin* applies only to conditions that are dangerous from the inception of their use," not "to conditions that become dangerous over time, even if they frequently do become dangerous." *Murray*, 626 F. App'x at 517. There must be evidence the mat presented unusually high risks. *See Crosby v. Minyard Food Stores, Inc.*, 122 S.W.3d 899, 901–02 (Tex. App. 2003) (mat was

unsafe from the moment it was put on the floor due to evidence that store personnel straightened it between 48 and 86 times during an eight-hour shift).

The Wal-Mart mat had "kicked up" due to wind about three times the previous year, as well as a handful of times the day in question. That the mat was infrequently affected by the wind did not render it dangerous from the moment of its inception. There was nothing inherently dangerous about the Wal-Mart mat.

AFFIRMED.