# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2026

Lyle W. Cayce

Clerk

————————

No. 25-40663

————————

CHRISTI ESTEVES; ERASMO ESTEVES,

*Plaintiffs—Appellants*,

*versus*

LOWE'S HOME CENTERS, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:24-CV-103

———————————————————————

Before KING, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Plaintiffs–Appellants Christi Esteves and Erasmo Esteves appeal the district court's grant of summary judgment in favor of Defendant–Appellee Lowe's Home Centers, L.L.C. The Esteveses argue that the district court erred because they raised a genuine issue of material fact as to whether Lowe's had constructive knowledge of a defective garden cart that injured Christi Esteves. For the following reasons, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40663

## I. Factual and Procedural History

Lowe's Home Centers, L.L.C. ("Lowe's") is a national chain of home improvement stores, and to aid in customer experience, it provides different styles of carts geared towards specific inventory. One such cart is a flat, four-wheeled garden cart. According to Lowe's, the carts are "staged in areas within the store corresponding to the products for which the carts are intended." To that end, Lowe's associates—known as "Loaders"—are tasked with retrieving stray carts in the parking lot and returning them to their designated areas. It is Lowe's policy that, while returning the carts, the Loaders perform a visual inspection of the cart and remove any defective carts from customer use.

On the evening of July 1, 2022, Christi Esteves entered a Lowe's retail store in Livington, Texas, and grabbed a garden cart from the main entrance foyer.[1] She "proceeded to shop for various items in different departments," and during her shopping, she experienced no issues with the garden cart. Christi then entered the outdoor garden center and began loading bags of decorative rocks onto her garden cart. When she turned to get a fourth bag, she "suddenly felt an intense pain in her foot." She looked down and saw that the cart had tipped over onto her foot and one of the front wheels of the cart was missing. Lowe's was unable to locate the missing wheel.

Christi and Erasmo Esteves sued Lowe's, alleging negligence under a theory of premises liability.[2] Lowe's subsequently filed a motion for summary

---

[1] The parties dispute whether the main entrance foyer is a designated area for garden carts. The Esteveses claim it is a designated area because Christi has seen employees place garden carts in this main entrance foyer on many occasions. Lowe's contends that the main (or front) entrance foyer is not a designated area for a garden cart. This distinction is not material to the analysis, so we do not address it further.

[2] Erasmo Esteves sought to recover damages for the loss of his wife's services and loss of consortium.

judgment, claiming, *inter alia*, that the Esteveses could not establish that Lowe's had actual or constructive knowledge of any defects with the garden cart at issue. The district court granted the summary-judgment motion, concluding that the Esteveses had not raised a genuine issue of material fact regarding Lowe's actual or constructive knowledge of the defective garden cart. Specifically, the district court explained that the Esteveses's evidence did not meet the Texas law standard for showing constructive knowledge because it failed to show the duration of the defect's existence. The district court concluded that "[w]ithout a showing of actual or constructive knowledge, premises liability cannot lie," and granted summary judgment in favor of Lowe's.

The Esteveses timely appealed.

## II. Applicable Law

### A. Summary Judgment

A grant of summary judgment is reviewed *de novo*, "applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party." *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 895 (5th Cir. 2013) (per curiam). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "When assessing whether a dispute to any material fact exists, [courts] consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

No. 25-40663

"Where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, which shifts to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Hall v. UiPath, Inc.*, 123 F.4th 419, 422 (5th Cir. 2024) (citation modified). The nonmovant cannot rely on "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, [or] legalistic argumentation" to satisfy the burden. *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008). "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

## B. "Time–Notice" Rule

Under Texas law, a premises-liability plaintiff must show, among other things, "[a]ctual or constructive knowledge of some condition on the premises by the owner."[3] *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *see also CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000). There are three methods a plaintiff may use to establish knowledge; here, the Esteveses focus on the third method, that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."[4] *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). A plaintiff may rely on circumstantial evidence to prove this third method. *Gonzalez*, 968 S.W.2d at 936.

---

[3] The Esteveses forfeited their actual-knowledge argument because they did not challenge it on appeal. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

[4] The other two methods, relevant primarily to slip-and-fall cases, are by "establishing that (1) the defendant placed the substance on the floor, [or] (2) the defendant actually knew that the substance was on the floor." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

No. 25-40663

This third method, also known as application of the "time-notice rule," is "based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Reece*, 81 S.W.3d at 816; *see also H-E-B, LP v. Peterson*, No. 24-0310, 2026 WL 969265, at *4 (Tex. Apr. 10, 2026). Determining how much time is sufficient to impute knowledge "depend[s] upon the facts and circumstances presented," *Reece*, 81 S.W.3d at 816, which in turn "requires analyzing the combination of [employee] proximity, conspicuity [of the hazard], and longevity [of the hazard]," *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). While "proximity evidence will often be relevant to the analysis," *Reece*, 81 S.W.3d at 816, the Supreme Court of Texas has emphasized that "the mere proximity of an employee to a [hazard], without evidence of when or how it came to be . . . , [is] legally insufficient to charge a premises owner with constructive notice of the hazard," *Spates*, 186 S.W.3d at 567. This is because "[a]n employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it." *Reece*, 81 S.W.3d at 816. Thus, under the time-notice rule, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.* The rule applies even if it "might be impossible for the plaintiff to show actual or constructive knowledge." *Id.*; *see also Peterson*, 2026 WL 969265, at *4 ("[The Supreme Court of Texas] repeatedly has rejected calls 'for a relaxed burden of proof in slip-and-fall cases when the evidence is scant.'" (quoting *Gonzalez*, 968 S.W.2d at 936–

5

37)).[5] "Following *Reece*, Texas courts have granted summary judgment motions when the plaintiff did not offer sufficient temporal evidence to establish constructive notice." *Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 517 (5th Cir. 2015) (per curiam) (collecting cases).

## III. Discussion

The Esteveses assert that their circumstantial evidence raised a genuine issue of material fact regarding Lowe's constructive knowledge of the defective garden cart. In other words, they argue that a reasonable jury could find it was more likely than not that the garden cart was defective (missing a wheel) for long enough that Lowe's should have discovered it. *See Murray*, 626 F. App'x at 518. The circumstantial evidence they rely on is as follows: (1) due to the configuration of the store, it is unlikely a customer placed the subject garden cart in the foyer; (2) Lowe's has a policy requiring Loaders to retrieve unattended carts from the parking lot, inspect them for defects, and remove any broken carts from customer use; (3) the cart was missing its front wheel at the time of the incident; and (4) Lowe's did not find the missing wheel in the store after the incident. Putting this together, the Esteveses claim that the more-likely-than-not scenario is that the cart was defective when a Lowe's employee retrieved it from the parking lot because the employees did not find the wheel in the store. And while returning the cart to the foyer, the employee had "ample opportunity" to inspect it, per Lowe's policy. Thus, the Esteveses argue, they have shown that a reasonable jury could find Lowe's had constructive knowledge of the defective cart.

As detailed above, to survive summary judgment, the Esteveses must offer sufficient evidence for a reasonable jury to find that it was more likely than not the hazard existed long enough to "permit [Lowe's] (or [its]

---

[5] To be clear, the time-notice rule is not limited to slip and fall cases. *Reece*, 81 S.W.3d at 816.

employees) to (1) discover it and (2) correct it." *See Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 316 (5th Cir. 2003). Determining temporal sufficiency to impute knowledge requires analyzing "proximity, conspicuity, and longevity." *Spates*, 186 S.W.3d at 567.

Even if we credit the Esteveses's proposed scenario—that the cart lost its wheel prior to a Loader placing it in the foyer—they have not raised a genuine fact issue as to Lowe's constructive notice because the proposed scenario does not provide sufficient temporal proof. Texas law is clear that imposition of premises liability through constructive knowledge requires temporal evidence, *i.e.*, evidence of how long the hazard existed. *See, e.g.*, *Peterson*, 2026 WL 969265, at *4 ("Absent temporal evidence of the duration the danger existed, the law does not charge a premises owner with constructive notice."). Here, in the proposed scenario, an employee was in close proximity to the defective cart while wheeling it from the parking lot to the foyer, and the missing wheel was not conspicuous.[6] But on this record, determining longevity of the defect would require rampant speculation regarding how long the wheel was missing before a Loader retrieved the cart, how long the Loader spent with the cart, how long the cart sat in the foyer before Christi grabbed it, and how long Christi spent with the defective cart before it fell on her foot. Speculation is insufficient summary judgment proof. *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010).

Though the scenario provides that a Loader and Christi spent *some* time with the cart while it was defective, there is insufficient evidence with which to quantify that time. *First*, Christi testified that she "do[esn't] recall how long [she] continued to walk in the store" after retrieving the cart. Thus,

---

[6] Christi testified that after retrieving the cart, she did not notice any "funny" noises, it was not moving in an odd way, and she had no issues maneuvering the cart even when loaded with a plastic box. Additionally, she has not made any argument that the missing wheel was visually conspicuous.

Christi's time with the cart does not provide any temporal evidence of the length of the defect. *Second*, the Esteveses do not point to any evidence upon which we can infer how long the Loader spent with the cart, such as the size of the parking lot or location of cart-return receptacles. Any guesses as to how long the Loader spent with the cart would be just that—guesses. The argument that a Loader wheeled the cart back to the foyer provides that an employee was in close *proximity* to the alleged hazard, but it does not provide insight into *how long* the employee was in proximity to the defect. And "the rule in Texas is that temporal evidence, not proximity evidence, is the *sine qua non* of a premises owner's constructive knowledge." *Gonzalez v. Walgreen Co.*, 140 F.4th 663, 672 (5th Cir. 2025) (quoting *Dixon*, 330 F.3d at 315). Without a touchstone for the length of the defect, a reasonable jury would be unable to conduct a proper analysis to determine if the risk existed for enough time that Lowe's should have discovered and corrected it.

As to the Esteveses's argument that Lowe's must have known of the missing wheel because they have a policy that Loaders inspect the carts, this policy alone does not demonstrate a genuine issue as to Lowe's constructive knowledge. For one, the policy supports an argument for actual knowledge, which the Esteveses's forfeited by not challenging on appeal. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Second, "[n]othing about the [policy] . . . indicates the duration of the time" the wheel was missing before the cart tipped onto Christi's foot. *See Peterson*, 2026 WL 969265, at *4. Third, we have previously "decline[d] to impute constructive knowledge . . . based solely upon . . . [an] internal operating procedure requiring . . . inspections." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 543 (5th Cir. 2005). There is no evidence, direct or circumstantial, as to whether a Loader followed the policy. The Esteveses are asking us to impute constructive

8

No. 25-40663

knowledge onto Lowe's because it has a policy that Loaders inspect the carts, and per our precedent, this we cannot do.[7]

Thus, the Esteveses failed to meet their summary-judgment burden regarding Lowe's constructive notice of the defective garden cart. *See McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 360 (5th Cir. 2017).

## IV. CONCLUSION

To survive summary judgment, the Esteveses had to provide sufficient proof for a reasonable jury to find that the garden cart was missing its wheel long enough to charge Lowe's with constructive notice. Determining whether Lowe's had constructive knowledge requires analyzing the combination of the length of the time the hazard existed, the proximity of employees to the hazard, and the conspicuousness of the hazard. *Spates*, 186 S.W.3d at 567. Here, the Esteveses offered nothing beyond speculation regarding the length of time the cart was missing its wheel, and the inspection policy—standing alone—cannot impute constructive knowledge. Consequently, the Esteveses failed to raise a genuine issue of material fact regarding an essential element of their premises liability claim. We therefore AFFIRM the district court's judgment.

---

[7] Additionally, Lowe's corporate representative testified that Loaders do not perform "an inspection per se," but if they notice an issue with the cart while moving it or see anything wrong with it, then they should remove the cart from customer use. As noted above, the cart maneuvered normally, and there is no argument made that the missing wheel was visually conspicuous. Therefore, even if the Loader followed company policy, that does not show that the Loader was aware of the allegedly missing wheel.