# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20298
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2017

Lyle W. Cayce
Clerk

ELIZABETH SHIREY,

Plaintiff–Appellant,

v.

WAL-MART STORES TEXAS, L.L.C.,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3368

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Elizabeth Shirey was injured after slipping on a single green grape while shopping at a store operated by Wal-Mart Stores Texas, L.L.C. (Wal-Mart). After she brought suit, the district court granted summary judgment for Wal-Mart. For the following reasons, we AFFIRM the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20298

## I

A video of activity on the aisle in the Wal-Mart store where Shirey fell reflects that the green grape at issue fell from another shopper's cart onto the off-white floor.  Thirty seconds later, a Wal-Mart employee walked past the grape but did not notice it.  Wal-Mart employees are trained to perform visual "sweeps" for hazards while walking through the store.  About seventeen minutes later, Shirey slipped on the grape.  Her resulting injuries required surgery and she sought damages in state court from Wal-Mart for negligence and premises liability based on constructive knowledge.  Wal-Mart removed the case to federal court and, after discovery, moved for summary judgment.  In response, Shirey acknowledged that she could not simultaneously maintain negligence and premises liability causes of action, but otherwise opposed summary judgment.  The district court dismissed Shirey's negligence claim and granted summary judgment for Wal-Mart on the premises liability claim.  This appeal followed.

## II

We review a district court's grant of summary judgment de novo.[1] "Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[2]  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit,"[3] and a genuine dispute as to such a fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

---

[1] *See, e.g.*, *BP Oil Int'l., Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 336 (5th Cir. 2003).

[2] *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)).

[3] *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)).

[4] *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013)).

No. 17-20298

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'"[5]  The non-movant must then "go beyond the pleadings" and point to "specific facts showing that there is a genuine issue for trial."[6]  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[7]  We "view[] the evidence in the light most favorable to the nonmoving party."[8]

Under Texas law, a premises liability plaintiff must show that (1) the property owner or occupier had "[a]ctual or constructive knowledge" of the condition; (2) "the condition posed an unreasonable risk of harm;" (3) "the owner or occupier did not exercise reasonable care to reduce or eliminate the risk;" and (4) that this failure caused the plaintiff's injuries.[9]  Wal-Mart moved for summary judgment on the grounds that Shirey cannot show that it had constructive knowledge of the grape.

To prove constructive knowledge, Shirey must show that Wal-Mart had time to discover and remove the grape.[10]  How much time is sufficient to impute knowledge to a defendant depends on the circumstances, and Texas courts examine (1) the proximity of employees to the hazard; (2) the conspicuousness of the hazard; and (3) how long the hazard was in place in order to make this

---

[5] *Id.* (quoting *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995) (per curiam)).

[6] *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)).

[7] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

[8] *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

[9] *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

[10] *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W3d 812, 816 (Tex. 2002).

determination.[11]    For instance, a particularly conspicuous hazard, or an employee's close proximity to an inconspicuous hazard for a "continuous and significant period of time," may reduce the amount of time within which a "premises owner should have become aware of the dangerous condition."[12]

### III

The district court correctly determined that Shirey did not raise a fact issue as to whether Wal-Mart had constructive knowledge of the grape. Shirey's evidence fails to establish that the grape was conspicuous. Photographic and video evidence demonstrate that the grape was, as the district court noted, almost invisible on the off-white floor.  The evidence also fails to establish that any Wal-Mart employee was in proximity to the grape for a sufficient period of time.  The few seconds during which the employee passed by the grape did not provide an objectively reasonable opportunity for him to see it, notwithstanding his employer's policy that he perform visual "sweeps" for hazards.  Under these circumstances, the seventeen minutes during which the inconspicuous grape was on the floor did not afford Wal-Mart a reasonable time to discover and remove the hazard.  Shirey's evidence was therefore insufficient to impute constructive knowledge of the grape to Wal-Mart, and summary judgment was proper.

\*    \*    \*

For these reasons, the judgment of the district court is AFFIRMED.

---

[11] *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam) (requiring courts to analyze "the combination of proximity, conspicuity, and longevity").

[12] *Reece*, 81 S.W.3d at 816.