**Affirmed and Memorandum Opinion filed February 4, 2020.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-18-00545-CV**

---

**WAL-MART STORES TEXAS LLC, Appellant**

**V.**

**ELIZABETH SHIREY, Appellee**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-45411**

---

## MEMORANDUM OPINION

Appellant Wal-Mart Stores appeals from a final judgment in this breach-of-contract case. In two issues Wal-Mart contends the trial court erred in granting summary judgment because (1) the informal correspondence between the parties did not constitute a valid and enforceable settlement agreement; and (2) there was a failure of consideration for the purported settlement agreement. Concluding the parties entered into a valid enforceable contract, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Elizabeth Shirey slipped on a grape and fell while shopping at a Wal-Mart store in July 2015. *Shirey v. Wal-Mart Stores Texas, LLC*, No. H-15-3368, 2017 WL 1177967, at *1 (S.D. Tex. Mar. 30, 2017), *aff'd* 699 Fed. Appx. 427 (5th Cir. 2017). Shirey was injured and had surgery for the injuries she sustained. *Id.* Shirey sued Wal-Mart under a premises liability theory and for negligence. *Id.* The Federal District Court granted Wal-Mart's motion for summary judgment on Shirey's premises liability claim and dismissed her claim for negligence. *Id.* 2017 WL 1177967, at *2–3.

On March 29, 2017, at 5:48 p.m., the day before the Federal District Court's ruling on Wal-Mart's motion for summary judgment, Wal-Mart's attorney sent the following email to Shirey's attorney:

> I just heard from Wal-Mart regarding this case. They have authorized me to offer $35,000.00 to settle the case prior to mediation. This offer will decrease on the day of mediation and that decreased offer will remain open until the day before Docket Call. I wanted to make you were made [sic] aware asap so you can discuss same with Mrs. Shirey. As you know the motion for summary judgment is still pending, however, Wal-Mart has instructed us to take this case to trial if it is denied. The $35,000.00 offer is good until 3:00 p.m., on Friday, March 31, 2017. Please discuss with your client and let me know. I will actually be out of the office on Friday so an email will suffice. Thanks.

On March 30, 2017, at 9:16 a.m. the Federal District Court sent notice to the parties that the court had issued an opinion granting Wal-Mart's motion for summary judgment. On the same day at 10:03 a.m., Shirey's attorney sent an email to Wal-Mart's attorney stating, "My client accepts your offer. Please send the release." Wal-Mart's attorney responded, "It looks like the court granted the motion for summary judgment prior to your acceptance of the settlement offer." Shirey's attorney replied, "You made an unconditional offer of settlement with a specific deadline. We

2

accepted prior to that deadline. If you don't fulfill the settlement offer, we will be forced to file either a motion to enforce or a separate breach of contract action against your client."

Wal-Mart did not fulfill the settlement offer and Shirey subsequently filed a breach-of-contract action in state district court for breach of the settlement agreement. Wal-Mart filed a general denial. Shirey filed a motion for summary judgment in which she contended that Wal-Mart breached the settlement agreement. Attached to Shirey's motion for summary judgment were copies of the email exchanges between the attorneys for Wal-Mart and Shirey.

Wal-Mart filed a response to Shirey's motion for summary judgment in which it argued that summary judgment was not appropriate because material fact issues existed as to whether (1) there was a meeting of the minds, (2) each party consented to the terms of the alleged agreement, and (3) there was execution and delivery of the contract with the intent that it be mutual and binding. Wal-Mart's arguments centered around its contention that the granting of summary judgment in the underlying premises liability case in Federal District Court acted to automatically revoke the settlement offer.

Wal-Mart also filed a cross-motion for summary judgment in which it alleged that Shirey had not proved as a matter of law (1) a valid contract because the agreement did not comply with Texas Rule of Civil Procedure 11, (2) a meeting of the minds, (3) delivery of a contract, (4) valid consideration, or (5) damages. Attached to Wal-Mart's motion for summary judgment were the emails that were attached to Shirey's motion plus a document reflecting the delivery time and date of the Federal District Court's grant of Wal-Mart's motion for summary judgment in the premises liability case.

The trial court granted summary judgment in the breach-of-contract action

awarding Shirey $35,000 in actual damages, $1,647.50 in attorney's fees, and $342.58 in prejudgment interest. In Shirey's pleading and motion for summary judgment she requested reasonable and necessary attorney's fees. Shirey did not specifically request, and the trial court did not grant, appellate attorney's fees. The record does not reflect a ruling on Wal-Mart's motion for summary judgment. In granting Shirey's motion for summary judgment, the trial court implicitly denied Wal-Mart's motion. This appeal followed.

## ANALYSIS

### I. The trial court did not err in granting Shirey's motion for summary judgment on her claim for breach of contract.

In Wal-Mart's first issue it alleges the trial court erred in granting summary judgment as a matter of law because the informal correspondence between the parties that was not filed with the trial court did not constitute a valid and enforceable settlement agreement.

#### A. Standard of Review

The parties' cross-motions for summary judgment present a question of law regarding the existence of a settlement agreement. We review a trial court's order granting a traditional summary judgment de novo. *Mid–Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). When a plaintiff moves for summary judgment on her cause of action, she must conclusively prove all essential elements of her claim as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of

4

law on the issues pled and set out in the motion for summary judgment. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013). In reviewing a grant of summary judgment, we consider all the evidence in the light most favorable to the nonmovant. *Goodyear*, 236 S.W.3d at 756; *Leonard v. Knight*, 551 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if we determine that the trial court erred, render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B. The agreement was filed with the trial court as part of the record.

Wal-Mart first argues that the agreement did not comply with Texas Rule of Civil Procedure 11 because it was not filed with the papers as part of the record. Although the premises liability suit was removed to federal court, because the agreement at issue was negotiated and to be performed in Texas, Rule 11 governs this analysis. *Anderegg v. High Standard, Inc.*, 825 F.2d 77, 80–81 (5th Cir. 1987). Rule 11 of the Texas Rules of Civil Procedure, entitled "Agreements to be in Writing," provides as follows:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Tex. R. Civ. P. 11. An agreement satisfies the requirements of Rule 11 if it is (1) in writing, (2) signed, and (3) "filed with the papers as part of the record." Tex. R. Civ. P. 11; *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). Although Rule 11 compliance is necessary to enforce a settlement agreement, "slavish adherence to the literal language of the Rule is not required in all cases." *Kennedy v. Hyde*, 682

5

S.W.2d 525, 529 (Tex. 1984).

Shirey moved for summary judgment on her breach-of-contract claim arguing that Wal-Mart's March 29, 2017 email and Shirey's March 30, 2017 email together constituted a valid, binding, and enforceable settlement agreement. The email exchange was filed as an exhibit to Shirey's motion for summary judgment. Therefore, the agreement met Rule 11's filing requirement. *See Sw. Bell Tel. Co. v. Perez*, 904 S.W.2d 817, 822 (Tex. App.—San Antonio 1995, no writ) (holding that attaching agreement to pleadings meets Rule 11's filing requirement).

In its reply brief Wal-Mart argues that the agreement does not meet Rule 11's requirements because it was not filed in the underlying premises liability case in federal court. Rule 11 does not prescribe when the written agreement must be filed. *Padilla*, 907 S.W.2d at 461. As to where the agreement must be filed Rule 11 focuses on filing the agreement "with the papers as part of the record." Tex. R. Civ. P. 11. The purpose of the filing requirement is to put the agreement before the trial court so that the trial court may judge its import and act upon it. *See Padilla*, 907 S.W.2d at 461. Therefore, the purpose of filing is satisfied as long as "the agreement is filed before it is sought to be enforced." *Id*. (determining that filing an agreement along with motion for summary judgment satisfied requirement of filing). If an agreement is filed before the trial court renders its judgment and before the judgment becomes final, the agreement will comply with Rule 11. *In re Guthrie*, 45 S.W.3d 719, 728 (Tex. App.—Dallas 2001, pet. denied) (enforcing Rule 11 agreement even though it was not filed until trial, because it was filed before the trial court rendered judgment and may be enforced as to "any suit pending"); *see also Sampson v. Ayala*, No. 14-08-01002-CV, 2010 WL 1438932, at *4 (Tex. App.—Houston [14th Dist.] Apr. 13, 2010, no pet.) (mem. op.).

Here, Shirey filed the agreement as an attachment to her motion for summary

judgment in the trial court. The purpose of the filing requirement is to put the agreement before the court so that "the court can judge of [its] import, and proceed to act upon [it] with safety." *Padilla*, 907 S.W.2d at 461 (quoting *Birdwell v. Cox,* 18 Tex. 535, 537 (1857)). The state district court was the court being asked to enforce the contract through Shirey's breach-of-contract action. No action was pending in the Federal District Court at the time Shirey sought enforcement of the agreement, and that court was not asked to enforce the settlement agreement. The purpose of Rule 11—to avoid disputes over the terms of oral settlement agreements—was satisfied by Shirey's filing of the email exchange with the trial court as attachments to her motion for summary judgment. *See generally Padilla*, 907 S.W.2d at 461. Wal-Mart cites no authority, and we have found none, that required Shirey to file the agreement in federal court.

### C. The initial email from Wal-Mart's attorney contained all the essential elements of a contract.

Wal-Mart next contends that the "informal correspondence" did not constitute an enforceable contract because it did not contain all the essential elements of an agreement.

Settlement agreements are governed by principles of contract law. *See Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 204 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Under Texas law, a legally enforceable contract generally consists of: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; (5) execution and delivery of the contract with the intent that it be mutual and binding; and (6) consideration. *Tauch v. Angel, Tr. for Gobsmack Gift Tr.*, 580 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2019, pet. filed).

An offer "must be reasonably definite in its terms and must sufficiently cover

the essentials of the proposed transaction that, with an expression of assent, there will be a complete and definite agreement on all essential details." *Id.* (quoting *Principal Life Ins. Co. v. Revalen Dev., LLC*, 358 S.W.3d 451, 455 (Tex. App.—Dallas 2012, pet. denied)).

In this case, the email sent by Wal-Mart's attorney noted that Wal-Mart had "authorized [the attorney] to offer $35,000.00 to settle the case prior to mediation. This offer will decrease on the day of mediation and that decreased offer will remain open until the day before Docket Call. . . . The $35,000.00 offer is good until 3:00 p.m., on Friday, March 31, 2017." Wal-Mart's offer noted that an email reply would suffice as a method of acceptance. Shirey's attorney responded, "My client accepts your offer. Please send the release."

Wal-Mart argues that its initial email did not constitute an offer because it lacked all the essential elements of an agreement. As examples of elements missing from the offer Wal-Mart notes the email "did not address potential Medicare eligibility and liens or hospital liens[.]" We disagree. The material terms of a settlement agreement include consideration and a specification of liability or claims to be released. *MKM Eng'rs, Inc. v. Guzder*, 476 S.W.3d 770, 781–82 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Padilla*, 907 S.W.2d at 460–61 (material terms of settlement agreement include consideration and release of claims). A binding settlement agreement may exist when parties agree upon some terms, understanding them to be an agreement, and leave other terms to be made later. *Gen. Metal Fabricating Corp. v. Stergiou*, 438 S.W.3d 737, 744 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Wal-Mart's offer stated that it would settle the case for $35,000. Shirey validly accepted the offer by requesting release documents to record her release of claims. *See Padilla*, 907 S.W.2d at 460–61

Wal-Mart argues that its initial email was not an offer of settlement, but "an

invitation to treat or to negotiate the terms of an agreement at a base amount for settlement." Nothing in Wal-Mart's email offer indicates that Wal-Mart would merely consider a release of claims in exchange for $35,000; the email was clear that the case could be settled for $35,000. Shirey's unequivocal email response accepted the material terms of Wal-Mart's offer by requesting a release of claims. *See, e.g., Angelou v. African Overseas Union*, 33 S.W.3d 269, 279 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("Angelou's letter did not vary the terms of AOU's offer (e.g., that she would only, say, accept the award in Dallas), nor was it in any way equivocal (e.g., she would only 'consider' coming); thus, her acceptance was in strict compliance with the terms of AOU's offer.").

Wal-Mart further argues there was no meeting of the minds between the parties because "even if the email could be considered an offer initially, it was implicitly withdrawn once the [federal judge] ruled on the Motion for Summary Judgment." Wal-Mart's offer explicitly noted what actions it would take if the summary judgment was denied, i.e., the case would be taken to trial. Wal-Mart's offer was silent on any contingency if the summary judgment was granted.

An offer is impliedly revoked and the offeree's power of acceptance terminates when the offeree receives from the offeror a manifestation of intention not to enter into a contract, or when the offeror takes definite action inconsistent with an intention to enter into the proposed contract and the offeree acquires reliable information to that effect. *Tauch*, 580 S.W.3d at 816. Presuming the implied revocation doctrine applies in this case, we conclude its elements are not met under applicable case law. Shirey did not receive from Wal-Mart a manifestation of an intention not to enter into the proposed settlement agreement. Nor did Wal-Mart take definite action inconsistent with an intention to enter into the proposed contract with Shirey. The email reflected on its face that it was effective until 3:00 p.m. March 31,

9

2017. The email explicitly stated what would happen if the summary judgment was denied, but never mentioned that the offer would be revoked if the federal court granted Wal-Mart's motion for summary judgment.

Courts are not authorized to rewrite agreements to insert provisions parties could have included or to imply terms for which they have not bargained. *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996). In other words, courts cannot make, or remake, contracts for the parties. *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 888 (Tex. 1998). We bear in mind Texas's fundamental public policy in favor of a broad freedom to contract, which allows parties to allocate risks as they see fit as long as their agreement does not violate the law or public policy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 (Tex. 2004); *Bennett v. Comm'n for Lawyer Discipline*, 489 S.W.3d 58, 68–69 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Keeping these principles in mind, we are not authorized to read into Wal-Mart's offer an implied revocation in the event the court granted summary judgment before expiration of the offer's term. *Bennett*, 489 S.W.3d at 70 ("We are not authorized to rewrite the parties' contract under the guise of interpreting it, even if one of the parties has come to dislike one of its provisions.") Wal-Mart's email was an offer that Shirey accepted, and the parties agreed to the material terms of the settlement agreement. The email exchange between Wal-Mart and Shirey constituted a valid settlement agreement. We overrule Wal-Mart's first issue.

II.     **Shirey's decision to pursue appeal of the federal court's summary judgment before filing a breach-of-contract action in state court did not constitute a failure of consideration.**

In its second issue Wal-Mart contends there was a failure of consideration because Shirey appealed the federal district court's decision before she filed suit for

breach of contract. Wal-Mart cites *Shaw v. Kennedy, Ltd.*, 879 S.W.2d 240, 247 (Tex. App.—Amarillo 1994, no writ) for the general proposition that if an agreement of settlement is breached by one of the parties, the other party may treat the agreement as repudiated and claim rights either under the agreement or the underlying cause of action. *Id.* Wal-Mart argues that in choosing to appeal the federal court's summary judgment ruling, Shirey failed to execute a release of claims therefore removing any consideration from her acceptance and repudiating the settlement agreement.

If an agreement of settlement is breached by one of the parties, the other party may treat the agreement as repudiated and claim rights either under the agreement or the underlying cause of action. *Murray v. Crest Const., Inc.*, 900 S.W.2d 342, 344 (Tex. 1995). To constitute a repudiation, a party to a contract must have absolutely and unconditionally refused to perform the contract without just excuse. *Texas Ear Nose & Throat Consultants, PLLC v. Jones*, 470 S.W.3d 67, 78 (Tex. App.— Houston [14th Dist.] 2015, no pet.) (citing *El Paso Prod. Co. v. Valence Operating Co.*, 112 S.W.3d 616, 621 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). The refusal to perform must be unconditional and the renunciation of the contract must be complete. *El Paso Prod. Co.*, 112 S.W.3d at 621.

Shirey's decision to appeal the summary judgment before seeking enforcement of the settlement agreement did not constitute an unconditional refusal to perform the contract without just excuse. As the non-breaching party, Shirey was entitled to pursue her appeal before seeking to enforce the settlement agreement. Shirey's decision to pursue her appeal before seeking enforcement of the settlement agreement did not constitute a failure of consideration. We overrule Wal-Mart's second issue.

11

**III.    This court may not consider Shirey's request for a modified judgment.**

In Shirey's brief on appeal she asks this court to affirm the trial court's judgment and order the trial court to "enter a modified judgment that includes attorney's fees incurred by Shirey during this appeal as recoverable damages to Shirey pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001." We are prohibited from considering this request because Shirey has not filed a notice of appeal in this court.

The Supreme Court of Texas has held that an appellee in the court of appeals who has not filed a notice of appeal may not seek to alter the trial court's judgment in a way that would award the appellee more relief than the trial court granted the appellee in its judgment. *See Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002). Because Shirey did not file a notice of appeal, she may not seek to alter the trial court's judgment to award her more relief than the trial court granted in its judgment, and we may not consider her request. *See id*.

## CONCLUSION

Having overruled Wal-Mart's issues on appeal, we affirm the trial court's summary judgment awarding damages to Shirey.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Christopher, Bourliot, and Zimmerer.

12