# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2021

Lyle W. Cayce
Clerk

No. 21-20050
Summary Calendar

Tori Robbins,

*Plaintiff—Appellant*,

*versus*

Sam's East, Incorporated, doing business as Sam's Club, also known as Sam's Club #6421,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:19-CV-4733

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Tori Robbins brings this premises liability action against Sam's East, Inc. dba Sam's Club ("Sam's Club"), alleging that she sustained injury after a slip and fall at its store. We AFFIRM summary judgment for Sam's Club.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20050

## I. Background

On August 12, 2017, Tori Robbins was shopping at a Sam's Club store in Conroe, Texas. She was passing by a food demonstration kiosk in the produce department when she slipped on a small piece of fruit that was on the floor near the kiosk. The kiosk was owned and operated by Crossmark, Inc., an independent contractor of Sam's Club that provides marketing services by offering product demonstrations and product sampling services.

Robbins filed suit against Sam's Club in state court, bringing a claim for premises liability. Following removal, Sam's Club moved for summary judgment, arguing that there is no issue of material fact as to its actual or constructive knowledge of the fruit on the floor. Robbins moved for partial summary judgment on the basis that Sam's Club was the premises owner; Robbins slipped and fell on the fruit; and that Crossmark employees working at the kiosk were in a position to have seen the fruit before Robbins slipped. The district court granted summary judgment for Sam's Club. Robbins timely appeals.

## II. Standard of Review

We review a district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *Luv N' Care, Ltd. v. Groupo Rimar*, 844 F.3d 442, 446–47 (5th Cir. 2016). "Summary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.* (citing *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005)). We review a district court's interpretation of state law *de novo*. *Id.* (citations omitted).

No. 21-20050

### III. Premises Liability

Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citing *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014)).

This case turns on the knowledge element. The Supreme Court of Texas has identified three methods by which a plaintiff may satisfy the knowledge element in a slip-and-fall case: (1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814–15 (Tex. 2002)). Because Robbins does not argue that Sam's Club caused the condition or had actual knowledge of the hazard, we only address whether Sam's Club had constructive knowledge of it.

Constructive knowledge "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). This question requires analyzing "the combination of proximity, conspicuity, and longevity"—that is, courts examine the proximity of the premises owner's employees to the hazard, the

conspicuousness of the hazard, and how long the hazard was in place. *Id.* at 567–68. For instance, if a dangerous condition is conspicuous as "a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Reece*, 81 S.W.3d at 816. Or "if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.* "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Id.*

Robbins argues that the Crossmark employees who were working at the nearby kiosk—specifically Candyce Hackley and Kay Garris—had constructive knowledge of the fruit on the floor, and that their knowledge is attributable to Sam's Club. The parties do not dispute the employees' close proximity to the hazard, as Garris and Hackley testified that they were five to ten feet away from Robbins when she slipped, nor the inconspicuous nature of the hazard, as photographs taken after the incident show a small dark fruit (the size of the head of a ballpoint pen) lying on a dark gray surface. Nevertheless, they disagree over the longevity of the hazard. Robbins asserts that the deposition testimony "clearly shows" that the hazard existed "for approximately ten minutes prior to Robbins' incident and certainly long enough to be cleaned or warn Robbins." Sam's Club argues that there is no evidence of how long the fruit was on the floor—it could have been "10 seconds before the incident, or 1 minute before, or 5 minutes before."

Even assuming that Robbins can establish that the fruit was on the floor for approximately ten minutes, and that Crossmark employees' knowledge can be attributed to Sam's Club, Robbins fails to raise a genuine dispute over the constructive knowledge element as a matter of law. For a

No. 21-20050

premises owner to be charged with constructive knowledge, a dangerous condition must have "existed for some length of time." *Reece*, 81 S.W.3d at 815. An inconspicuous hazard that has existed for longer than ten minutes has been considered to be legally insufficient to show constructive knowledge. *See, e.g.*, *Shirey v. Wal-Mart Stores Texas, LLC*, 699 F. App'x 427, 429 (5th Cir. 2017) ("[T]he seventeen minutes during which the inconspicuous grape was on the floor did not afford Wal-Mart a reasonable time to discover and remove the hazard."); *Brookshire Food Stores, LLC v. Allen*, 93 S.W.3d 897, 901 (Tex. App. 2002) (concluding that evidence indicating grapes were not on floor for longer than fifteen minutes, and no one saw grapes on floor before customer fell, was legally insufficient to show constructive knowledge). In other words, the ten minutes during which the inconspicuous fruit was on the floor did not afford the Crossmark employees a reasonable time to discover and remove the hazard. Accordingly, Robbins' evidence was insufficient to impute constructive knowledge of the hazard onto Sam's Club, and summary judgment was proper.

## IV. Conclusion

For the foregoing reasons, we AFFIRM.