# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 21-20395

Tenneh Agbonzee,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Stores Texas, L.L.C. #772; Wal-Mart Stores
Texas, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:19-CV-4985

Before Stewart, Clement, and Elrod, *Circuit Judges*.

Per Curiam:*

Tenneh Agbonzee slipped and fell in a Wal-Mart. She sued Wal-Mart, claiming that there was a puddle of clear liquid on the ground that Wal-Mart either actually or constructively knew about. The district court granted summary judgment to Wal-Mart, determining that Agbonzee failed to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20395

establish Wal-Mart's actual or constructive knowledge of the liquid. Because Agbonzee has failed to present any genuine dispute of material fact and Wal-Mart is entitled to judgment as a matter of law, we affirm.

## I.

One day while Agbonzee was in a Wal-Mart, as she was heading to the grocery area, she slipped and fell on a clear liquid on the floor. She sustained back and leg injuries. Twelve minutes prior, grainy security-camera footage appears to show an unidentified man quickly move out of the aisle with a cart, pick up what appears to be a cup, "begin to drink from [that] cup," and "then step back as he spilled liquid onto the floor."[1] In the 12 minutes between the spill and Agbonzee's fall, several Wal-Mart employees and customers congregated near or passed by the liquid on the floor, seemingly without noticing it.

Agbonzee sued in state court, asserting a premises-liability claim. Wal-Mart removed the case to federal court and later moved for summary judgment. The district court granted Wal-Mart summary judgment after determining there was no genuine dispute of material fact and that Wal-Mart did not have actual or constructive knowledge of the liquid Agbonzee slipped on. Agbonzee moved for reconsideration, attaching Wal-Mart employee Jacques Trahan's witness statement and a proposed expert report which said Wal-Mart failed to exercise reasonable care as to the condition of the floor. The district court denied it and Agbonzee timely appealed.

---

[1] Given the low resolution of the video, it is also plausible that the cup was in the cart and fell over while this person was moving down the aisle with the cart, causing some liquid to leak from the cup before the person picked it up.

## II.

We review the grant of summary judgment *de novo*. *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 368 (5th Cir. 2017). Summary judgment is proper if the movant shows that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020) (citing Fed. R. Civ. P. 56(a)). A fact is "material" if resolving it one way or another would change the outcome of the lawsuit. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009). A genuine dispute over that fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357–58 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). We view the evidence in the light most favorable to the nonmovant and resolve factual controversies in the nonmovant's favor. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)).

We do not, however, assume facts in the absence of proof, and we affirm summary judgment "in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* (quoting *Little*, 37 F.3d at 1075). Moreover, when a party's testimony "is blatantly contradicted by the record [such as by video evidence], so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); s*ee McDowell v. Wal-Mart Stores, Inc.*, 811 F. App'x 881, 883 (5th Cir. 2020) (citing *Scott v. Harris* in a Wal-Mart slip-and-fall lawsuit); *Granados v. Wal-Mart Stores, Inc.*, 653 F. App'x 366, 369 n.8 (5th Cir. 2016) (same); *Romano v. Jazz Casino Co., L.L.C.*, No. 21-30554, 2022 WL 989480, at *2 (5th Cir. Apr. 1, 2022) (citing *Scott v. Harris* in a slip-and-fall case).

Under Texas law, a property owner has a duty to protect invitees from conditions posing unreasonable risks of harm if the owner "knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). An injured invitee must establish, among other factors, that the "property owner had actual or constructive knowledge of the condition causing the injury." *Id.* at 251–52. There are typically three ways to satisfy this knowledge requirement. *See Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814–15 (Tex. 2002). As Agbonzee does not allege that Wal-Mart's employees placed the substance on the floor, she must prove either that Wal-Mart actually knew that the substance was on the floor or that it is more likely than not that the condition existed long enough to give Wal-Mart a reasonable opportunity to discover it. *See id.* at 814–15.

Agbonzee can rely on direct or circumstantial evidence to show the owner's knowledge. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 935–36 (Tex. 1998). Circumstantial evidence must "either directly or by reasonable inference" show the owner's knowledge, and an "inference is not reasonable if premised on mere suspicion—'some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence.'" *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 394 (Tex. 2016) (quoting *Suarez v. City of Tex. City*, 465 S.W.3d 623, 634 (Tex. 2015)).

There is no genuine dispute of material fact about Wal-Mart's actual knowledge of the spill prior to the fall. After falling, Agbonzee allegedly overheard Trahan say that "there has been a fall from the spill that was there." Agbonzee claims that referring to a spill "that was there" establishes Trahan's actual knowledge of the spill prior to the fall. But calling that statement an admission of actual knowledge puts too much weight on the phrase "the spill." The only reasonable inference to draw is that Trahan was notifying assistant manager Saidu Ibrahim about Agbonzee's fall, and in

doing so, he indicated the likely cause of her fall. This alone does not cause a fact dispute on actual knowledge regarding the spill's existence before Agbonzee's fall.

"Constructive knowledge is a substitute in the law for actual knowledge," and can be established when "the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000). 'Long enough' varies from case to case, but it comes down to "the combination of proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). Texas courts consider: (1) the proximity of employees to the hazard; (2) the conspicuousness of the hazard; and (3) how long the hazard was in place in order to make this determination. *Shirey v. Wal-Mart Stores Tex., L.L.C.*, 699 F. App'x 427, 428 (5th Cir. 2017).

The inquiry is not whether "it was *possible* for the premises owner to discover the condition," but whether "the premises owner reasonably *should* have discovered it." *Reece*, 81 S.W.3d at 816. For instance, "if the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* Where a hazard is less conspicuous, the employee's proximity "for a continuous and significant period of time . . . too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*

The Supreme Court of Texas has said that "[t]emporal evidence is the best indicator of whether the owner could have discovered and remedied" a dangerous condition. *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 30 (Tex. 2014). The Court in *Reece* held that "there must be some

proof of how long the hazard was there before liability can be imposed on the premises owner." 81 S.W.3d at 816.

Wal-Mart contends that no conclusion can be drawn from the grainy surveillance video, and that Agbonzee's theory about the spill cannot be adequately discerned from the tape, pointing to several other potential causes of the spill. While liquid is not visible on the floor, and neither is any dripping from the cup, the video is clear enough to show the likely cause of the spill: a person quickly moves out of the aisle with a cart, picks up what appears to be a cup, begins to drink from the cup, and then steps back as he spilled liquid onto the floor. That all happened in the exact spot Agbonzee ultimately fell. This is likely enough evidence to establish a cause of the spill, and with that a starting point: the liquid was on the floor for roughly 12 minutes.

Though timing is only one factor, this court has said that a grape on the floor for 17 minutes was not enough for constructive knowledge. *Shirey*, 699 F. App'x at 429; *see also Robbins v. Sam's E., Inc.*, No. 21-20050, 2021 WL 3713543, at *2 (5th Cir. Aug. 20, 2021) (same for fruit on the floor for ten minutes); *Brookshire Food Stores, LLC v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (same for grapes on the floor for longer than 15 minutes). Thus, temporal proximity cuts against finding constructive knowledge.

The conspicuity prong also cuts against finding constructive knowledge of the spill on the part of Wal-Mart. The liquid is not visible on the surveillance video. Unlike the dark liquid discussed in *Reece*, this was a clear spill on a white or grey floor. 81 S.W.3d at 816. Over the 12 minutes between the spill and fall, roughly 25 customers walked through it or around it without appearing to look down or otherwise avoid it. Agbonzee herself admitted that she had no idea the liquid was there. And though the

employees' proximity to the spill is relevant, it does not appear that any of them even noticed the spill, showing just how inconspicuous it was.

Proximity is a closer question. While some employees were on or around the spot where the liquid purportedly was, they were not there for long, and other employees passed by it without stopping or apparently even noticing the liquid. *See id.* (considering whether an employee was near dangerous condition "for a continuous and significant period of time").

In sum, though the employees' proximity to the spill weighs in Agbonzee's favor, the inconspicuous nature of the clear liquid on the white or greyish floor and the short length of time between the spill and the fall cut toward Wal-Mart. While this inquiry is necessarily fact-intensive, there are no genuine disputes of material fact. And under these facts, Wal-Mart is entitled to judgment as a matter of law.[2]

---

[2] Agbonzee moved for reconsideration to include (1) Trahan's witness statement, which was already in the record, and (2) an expert report which said Wal-Mart failed to exercise reasonable care as to the condition of the floor. "Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). As "[i]t is not the 'proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment[,]'" we review the denial of Rule 59(e) motions for abuse of discretion. *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Agbonzee argued that the district court committed "manifest error" by applying the wrong standards and by conflating actual knowledge with constructive knowledge. Agbonzee's arguments merely rehash the district court's grant of summary judgment, and she does not identify anything in the district court's order that is "manifest[ly]" wrong. Thus, the district court's decision not to reconsider or include the expert testimony and witness statement was neither an abuse of discretion nor manifest error.

No. 21-20395

\*     \*     \*

Because Agbonzee has failed to present any genuine dispute of material fact and Wal-Mart is entitled to judgment as a matter of law, we AFFIRM.